Burns *v.* The Western & Southern Life Ins. Co.

(Decided December 9, 1929.)

*Mr. Melville W. Vickery,* for plaintiff in error.
*Messrs. Cannon, Spieth, Taggart, Spring & Annat,* for defendant in error.

Sherick, J.   This cause had its beginning in the municipal court of the city of Cleveland wherein the plaintiff, Anna Burns, sought a judgment against the insurance company.   The judgment of that court was in favor of the insurance company, and error is prosecuted to this court by the claimant.

The petition is grounded upon the fact that the claimant, Anna Burns, is the beneficiary of a certain policy upon the life of one Albert Hipler; the amount of the policy being $918.   To this petition the defendant company makes answer, and charges, first, that the policy was fraudulently procured, in that the insured was not in sound health at the time of the

issuance and delivery of the policy, and, second, that the plaintiff had no insurable interest in the life of the insured, and that it was a wagering contract. For a third defense the insurance company relies upon the provision in the policy commonly known as a facility of payment clause. A reply was made to the answer, in effect a general denial.

The issue in the case below and in this court is confined to the third defense.

The evidence and testimony in this case disclose that the insured on the 22d day of November, 1926, obtained an industrial policy issued by the defendant company, and that within one month after its issue and delivery the insured delivered the same to the plaintiff in error, together with the premium receipt book, and that plaintiff in error thereafter paid the premiums on the insurance.

Albert Hipler died in August, 1927, and the claimant furnished proper proof of death to the agent of the company, and delivered the policy, together with the premium receipt book, to the company, who then refused to make payment to the plaintiff in error, and who offered to repay to her the premiums that she had paid on the life of the insured.

The evidence discloses further that the insured did not reside with the plaintiff in error, that they were not related, that she did not pay the funeral expenses of the insured, nor had she incurred any expense or obligation for or on behalf of the insured, and that Hipler has a sister and two brothers living in the city of Cleveland.

The policy sued upon contains a facility of payment clause reserving to the company an option or

stipulation under which it may make any payment of the proceeds to any blood relative of the insured, or to any person appearing to the company to be equitably entitled to the proceeds by reason of having incurred expenses on behalf of the insured, or for his burial.

The policy further contains another clause providing against the assignment of this policy, and the plaintiff in error herein stands firmly on the proposition that she is not an assignee of this policy but a named beneficiary.

An examination of the policy conclusively shows that she is not named therein, and, if she is the beneficiary as claimed, that fact must appear outside of the policy itself.

The evidence is to the effect, and is positive, that nothing was said by the insured to the claimant at the time of the delivery of the policy to her, but that he merely handed the policy and the premium receipt book to her, without any consideration or agreement being made, and, in fact, nothing was said. From this alone the plaintiff in error contends that such is sufficient to make her the lawful beneficiary therein, and that her payment of the premiums, which, after the first few, claimant made, entitles her to a standing in this court and to a right of recovery on the policy as the beneficiary thereof.

No evidence is offered in this case to bring the plaintiff within any of the designated classes to whom the company might have elected to pay, and the plaintiff in error attempts to make the point that, because the company had not exercised its option as to whom, if any one, it would pay, the bringing of

this action by plaintiff estops the insurance company from making any such election.

Exhaustive briefs have been furnished and our attention has been called to many authorities, and coming now to the law applicable to the question involved it seems quite well settled that, by the terms of the clause in the policy known as the facility of payment clause, the company is given the option to pay to any one of the persons having the qualifications named in the clause. This option of itself necessarily excludes any right on the part of the plaintiff to enforce payment, for it is conclusively shown by the testimony of the plaintiff in error that she does not come within any given class named in the policy.

The following cases are directly in point: *Marzulli* v. *Metropolitan Life Ins. Co.,* 79 N. J. Law, 271, 75 A., 473; *Lewis* v. *Metropolitan Life Ins. Co.,* 178 Mass., 52, 59 N. E., 439, 86 Am. St. Rep., 463; *Wokal* v. *Belsky,* 53 App. Div., 167, 65 N. Y. S., 817; *Manning* v. *Prudential Ins. Co.,* 202 Mo. App., 124, 213 S. W., 897.

The plaintiff in error holds the view that, because she paid certain premiums, that of itself entitles her to recovery on the policy. It is stated in the *Lewis case, supra,* that payment of the premiums on the policy of another gives the person so paying them no interest in the policy, as the payments are presumed to have been made on behalf of the insured, and we believe this to be a correct statement of the law.

We also note that the Judges of the Fourth Appellate District, sitting by designation in this county, in

the case of *Coyne* v. *Metropolitan Life Insurance Co.*, considered a like question, and their finding is in harmony with the finding in this case. Should this court adopt such a rule as is claimed by the plaintiff in error, and carry it to its logical conclusion, situations might develop where one upon the death of an insured under one of these industrial policies might secure possession of the policy, and there might then ensue a race between distant relations, neighbors, or strangers to secure and turn into the company the policy and premium books and proof of loss, and thereby in many instances fraudulently seek to obtain that which rightfully should belong to another.

We hold the view that the plaintiff in error is not entitled to recovery on the policy in question, and that the trial court rightfully found in favor of the defendant company.

It is therefore the judgment of this court that this cause be affirmed.

*Judgment affirmed.*

LEMERT, J., concurs.

SHERICK and LEMERT, JJ., of the Fifth Appellate District, sitting by designation in the Eighth Appellate District.