In the Matter of the Estate of WALTER JOSEPH ARNOTT, Deceased.

Surrogate's Court, Bronx County, December 13, 1932.

*Aaron Samuelson,* for the petitioner.

*Jacob J. Pantell,* for the respondent.

HENDERSON, S. In this discovery proceeding the question of title to the proceeds of three industrial insurance policies of the Prudential Life Insurance Company on the life of the decedent is involved. There was a hearing at which time the respondent was not represented by counsel. Upon the evidence adduced at that time the court was of the opinion that the proceeds of the insurance policies belonged to the estate (N. Y. L. J. Oct. 26, 1932). Subsequently the respondent employed an attorney and an application was granted reopening the proceeding for the taking of further testimony. Upon such further hearing an insurance agent formerly employed by the Prudential Life Insurance Company was produced by the respondent. He testified that he solicited the decedent for insurance, and the insured said that he could not afford it, but would take out a policy if his brother and sister-in-law would pay for it. Later the decedent made an application for insurance at which time the agent and the respondent's wife were present. The agent told them that if the premiums were paid by the respondent and if he retained the policy, the company would pay him. When the policy was delivered the same persons were present. At that time Mrs. Arnott told the agent that the decedent, Walter, wanted to name her husband as beneficiary. The agent said that the respondent could not be named in the policy, but again repeated that as long as the decedent's brother, George, had the policy and paid the premiums, the company would pay him upon the death of the insured.

A second policy was taken out later at which time the respondent's wife, the agent and the decedent were present. She again inquired if her husband would receive the insurance money upon the death of the insured and the agent told her that if her husband retained the policy and paid the premiums, he would be paid.

A third policy was taken out at which time, in addition to the

persons present at the other meetings, there was a second agent of the company. At this time the respondent's wife inquired as to why her husband was not named as beneficiary in the policy, as a beneficiary had been named in an industrial policy of the John Hancock Insurance Company. The agent who had written the two previous policies told them that no beneficiary could be named, but if she retained the policy and paid the premiums, her husband would receive the money upon his brother's death. It appears that the respondent's wife, acting for her husband, made all the payments of premiums. In view of the further testimony adduced, it is now my opinion that the representations of the agent constituted an agreement as to each policy binding upon the company to make a present election under the facility of payment clause of the policy to pay the proceeds thereof to the respondent upon the death of the insured. The respondent had an absolute right to the payment received by him. (*Shea* v. *United States Industrial Insurance Co.*, 23 App. Div. 53; *Tarasowski* v. *Prudential Insurance Company*, 113 Misc. 248; *Matter of Dickman*, 142 id. 207.) As I have found that title to the proceeds of the insurance policies is in the respondent, this proceeding is dismissed on the merits. Settle decision and decree.