LULU WILSON, Individually, and as Administratrix, etc., of OSCAR WILSON, Deceased, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

First Department, January 19, 1934.

*Charles B. LaVoe* of counsel [*Tanner, Sillcocks & Friend*, attorneys], for the appellant.

*Abraham L. Feinstein*, for the respondent.

TOWNLEY, J. The plaintiff, Lulu Wilson, the widow and administratrix of the deceased Oscar Wilson, brought this action to recover the proceeds of two insurance policies issued by the defendant on the life of the deceased. It appears that plaintiff was separated from her husband, who in 1920 married another woman, one Elizabeth Wilson. The latter also claims to be the widow of the deceased. At the time Oscar Wilson died Elizabeth Wilson was caring for him

and had been paying premiums on the policies. She made arrangements for the funeral and took the body to Virginia.

The policies were in the hands of plaintiff. Duplicates were issued some time before the deceased's death on his representation that the originals were lost. These were in the possession of the second "widow." After the death of Oscar Wilson, Elizabeth Wilson filed proofs of death and claimed to be his widow. She also showed that she had paid the funeral expenses and arranged for the burial of her alleged husband.

The policies were made payable to the executor or administrator of the insured. A "facility of payment" clause, however, was incorporated in the policy, which reads as follows: "The Company may make any payment or grant any nonforfeiture privilege provided herein to the Insured, husband or wife, or any relative by blood or connection by marriage of the Insured, or to any other person appearing to said Company to be equitably entitled to the same by reason of having incurred expense on behalf of the Insured, or for his or her burial; and the production of a receipt signed by either of said persons, or of other proof of such payment or grant of such privilege to either of them, shall be conclusive evidence that all claims under this Policy have been satisfied." The insurance company paid the proceeds of the policies to Elizabeth Wilson.

The plaintiff's claim is based upon the fact that the insurance company, when it paid Elizabeth Wilson, apparently thought it was paying the widow. The argument based on this occurrence is as follows: Since the company intended to pay the widow, even though it could have made the payments rightly to the same person under the "facility of payment" clause, nevertheless, since this clause was not then mentioned in justification, it must be deemed that the payment to Elizabeth Wilson was made to a stranger. The true widow, having since qualified as administratrix in this State, therefore, is entitled to a second payment to her.

The insurance company's contention is that it was authorized to pay the proceeds under the "facility of payment" clause, and since Elizabeth Wilson was entitled to the money in any event, the mistaken idea, which the defendant company had, that Elizabeth Wilson was the true widow is immaterial.

We agree with the defendant's contention. That this is correct seems manifest. Suppose Elizabeth Wilson were to return the money which she has received. If thereafter both plaintiff and Elizabeth Wilson made claims on the insurance company, the company would be privileged again to pay Elizabeth Wilson, if it so chose, under the "facility of payment" clause. Since it has elected to ratify the previous payment, possibly made under a

mistake of fact, by showing that the money was equitably due Elizabeth Wilson in any event, there is no reason in law to estop the defendant from taking that position.

The determination appealed from and the judgment of the Municipal Court should be reversed and the complaint dismissed, with costs to appellant in all courts.

FINCH, P. J., MARTIN and GLENNON, JJ., concur.

Determination appealed from and judgment of the Municipal Court reversed and the complaint dismissed, with costs to the appellant in all courts.