Wiseman, J.
The administrator, John Arpp, filed a complaint in the Probate Court against C. D. Shank, the father of the decedent, and also against Edward H. Dell, attorney at law, representing the said C. D. Shank, under Section 10506-67, General Code, alleging that the said C. D. Shank and Edward H. Dell were concealing assets belonging to the estate of Josephine Ammerman, deceased.
The facts in this case disclose that on February 6, 1930 the Western and Southern Life Insurance Company issued what is known as an “industrial policy” on the life of Josephine Ammerman who was at that time eighteen years of age. The policy was kept in force up until the death of Josephine Ammerman, which occurred on November 3, 1933. The policy contained a provision whereby the insurance company agreed to pay the amount of the insurance “to the executors or administrators of the insured, *458 unless payment be made under the next succeeding provision.” The next succeeding provision in the insurance policy is as follows:
“The company may make any payment or grant any nonforfeiture provision provided for in this policy to any relative by blood or connection by marriage of the insured, or to any person appearing to the company to be equitably entitled thereto by reason of having* incurred expense or obligation on behalf of the insured or for the insured’s burial: and the production by the company of a receipt signed by any or either of said persons or other proof of such payment or grant of such provision to any or either of them shall be conclusive evidence that such payment or provision has been made or granted to the person or persons entitled thereto, and all claims under this policy have been fully satisfied.”
During the life of the policy the premiums were paid by the father, C. D. Shank, who, upon the death of the insured, presented the policy of insurance to the company, whereupon, the company issued a check for the amount of insurance due under the policy, in the sum of $510.20, which check was cashed and the proceeds thereof held in the possession of Edward H. Dell, acting as attorney for the father.
The facts further disclose that the administrator, John Arpp, is a funeral director, and rendered services as such in the burial of the insured. The insured left no estate out of which the burial expenses can be paid. At the time of the death of the insured she was married, but the surviving spouse contends that he never agreed to pay the undertaker for burial expense. The father also contends that he did not agree to pay for the burial expense and resisted an action at law brought to obtain a judgment against him on said claim. .
The insurance company exercised its option to make payment, under, what is commonly called in such industrial policies, the “facility of payment” clause by making payment to the father of the insured. The question now before the court is whether the proceeds of the policy can be recovered by the administrator from the father for the *459 benefit of the estate of the insured. The law is not well settled either in the state of Ohio or in other jurisdictions. Neither counsel nor the court have been able to find any case in Ohio squarely in point.
There is a wealth of authorities holding that before payment is made by the insurance company no person can maintain a suit against the company except the personal representative of the insured.
The courts have uniformly held that any person related by blood or marriage, or one who has incurred expense or obligation on behalf of the insured, or for the insured’s burial, can not maintain an action against the insurance company to recover the proceeds of the policy.. The authorities are so numerous that the court need not cite any decision in support of this principle of law. In the case at bar the contest is not between the administrator and the insurance company, neither is the contest between a person designated in one of the classes in the “facility of payment” clause and the company. The issue before the court is between the administrator of the insured and one member of the. class named in the “facility of payment” clause, to which action the insurer, having already paid over the proceeds to such member of the class mentioned, is not a party. In the case at bar the cause involves the rights of parties among themselves.
The question for the court to determine is whether or not the administrator may recover from the father the proceeds of the policy which amounts to $510.20 for the beneficial interest of the estate. In the determination of this issue the court has been able to find only a few authorities squarely in point. The courts have held for and against the right of the administrator to recover in such an action.
In the case of In Re New’s Estate, reported in the 159 S. E. page 469, and also found'in 75 A. L. R, page 1428, the Supreme Court of South Carolina in 1931 held:
“Under life policy payable to insured’s executor or administrator, giving insurer mere option to make payment to some relative of insured, title to proceeds when so paid *460 held not to vest solely in member of class selected "by insurer, to exclusion of intestate insured’s personal representative and other distributees at law.”
In the case of Caveny v. Healey, 94 N. J. Law, page 28, the court in 1920 held:
“The payment by a life insurance company of the amount of a policy to any one of certain classes of persons under the “facility of payment” clause, does not effect a change of the original. contract by which the company agrees to pay the executors or administrators of the insured. While the company, by such payment, discharges its liability, the person beneficially interested may recover from the person who has received the money.”
In the case of Ogletree v. Hutchinson, 126 Ga. 454, also reported in 55 S. E. 179, the court in 1906 held:
“A stipulation in a policy of life insurance that payment of the amount of the policy to any relative of the insured belonging to a designated class will discharge the company from liability is valid, but such a stipulation does not have the effect to make the person actually receiving the money thereunder the beneficiary of the policy. It is merely an appointment, by the parties to the contract, of a person who may collect the amount due under the policy for the benefit of the person ultimately entitled thereto.”
There is a line of authorities holding that the “facility of payment” clause contained in industrial insurance policies is solely for the protection of the company. These authorities hold that this clause in the policy does not grant nor take away a cause of action from any person.
Wokal v. Belsky, 65 N. Y. Supp. 815; Wachtel v. Harrison, 145 N. Y. Supp, 982; In Re Shanley, 160 N. Y. Supp. 733; In Re Reilly, 182 N. Y. Supp. 221; In Re Degenhardt’s Estate, 206 N. Y. Supp. 220; Rouff v. Insurance Co., 86 Appeal Div. N. Y. 447.
In the case of Wokal v. Belsky the court on page 170 say:
“The only effect of the clause is to provide the company with a defense, in case it has paid thereunder. It neither grants nor takes away a cause of action from any person.”
*461 In the case of In Re Shanley, the court on page 430 say:
“The fact that the company may pay the death benefit to one of several persons does not make the moneys paid under the policy the property of the person to whom the company may elect to pay the same. The provision for such payment is only for the protection of the insurance company, but does not ‘grant or take away a cause of action from any person.’ * * * It cannot be electing to pay any one of the persons mentioned in condition ‘First,’ in my opinion, invest that person with the absolute ownership of the moneys paid. If the contrary were the fact, then it would have the power to make any person the beneficiary who would come under the designation quoted above, to the exclusion of the others, and thus a surviving husband or wife would be entirely deprived of any part thereof if payment were made to a relative by blood.”
In the case of In Re Reilly, the court on page 68 say:
“The provision for the payment by the insurance company under the ‘Facility of Payment’ clause, is for the protection of the insurance company only, and that the latter cannot, by electing to pay one of the persons there mentioned, invest that person with the absolute ownership of the moneys paid.”
In Re Degenhardt’s Estate, the court say:
“This provision in industrial insurance policies is for the protection of the companies. It does not ‘grant or take away a cause of action from any person.’ * * *' So that the fact that the death benefit was paid to the respondent, standing alone, did not give her title 'thereto as against the estate of the decedent.”
There is another line of authorities holding that once the insurance company had exercised its option under the “facility of payment” clause, and makes payment to a person in one of the classes designated, the proceeds of the policy become the property of the one to whom it is paid, and there can be no recovery from such person by the' personal representative of the estate of the insured. These authorities hold that under such a contract of insurance the insurance company is empowered to exercise its discretion in the choice of a person to whom the proceeds of
*462 the insurance policy shall be paid. After payment is made the person receiving the proceeds having been designated as the beneficiary by the company through the exercise of its option, thereupon becomes invested with the proceeds of the policy.
The court wishes to cite in support of this proposition of law the following cases:
Insurance Co. v. Lawder, 29 R. I. 416, also reported in 48 Atlantic 383 (1901); Renfro v. Insurance Co., 148 Mo. Appeals 258 (1910); Althouse v. Roth, 35 Pa. Superior Court 400.
The court wishes to note briefly the underlying purpose for the issuing of such industrial policies and the change which has taken place during the last twenty-five years in regard to such insurance.
In Volume One of Couch, — Cyclopedia of Insurance Law, page 48, we find the following language:
“In fact, it has been well said that one great purpose of industrial policies containing a ‘facility of payment’ provision is to aíford a ready method of raising money for the benefit of the insured, to pay funeral expenses at the time of death, or to furnish medical assistance or other relief, or to constitute an asset in any emergency in life, so that funds for something other than ordinary purposes may be provided.”
In Volume Two of Couch, on page 84, we find the following language:
“However, in permitting an insurer to elect to whom it shall pay on the policy, the courts should require not only good faith on the part of the insurer, but the exercise of sound judgment, in order that no great injustice shall be done to the estate, and to those having legitimate claims,— in other words, no freedom of arbitrary or capricious choice is given the insurer.”
In commenting on the purpose of such insurance, in the case of Caveny V. Healey, swpra, the court on page 30 say:
“There are none of the characteristics of a contract about such an agreement. The clause was for the convenience of the company to enable it to make prompt payment with the certainty that the validity of the payment could not be thereafter questioned. It probably arose, as we *463 suggested in the Schaeffer case out of the original somewhat limited function of this class of policies to furnish a burial fund. As the business developed and became more and more an insurance business, evidenced by the use of the word ‘insure’ and later the words ‘insure and endow,’ the burial fund features lost their relative importance and the life insurance features became more emphasized.”
Considering the authorities cited and the reasons offered by the courts in arriving at a conclusion, the court is of the opinion that reason and justice favors the right of the personal representative to recover the proceeds of the policy from a person of the class designated in the “facility of payment” clause, which proceeds shall be recovered for the benefit of the estate, and after the payment of debts distributed to the intestate decedent’s heirs-at-law.
The fact that the. father in the case at bar paid premiums during the life of the policy does not give him any additional right to the insurance.
In Re Reilly, supra; Lewis v. Life Insurance Co., 178 Mass. 52; Manning v. Insurance Co., 202 Mo. Appeals, 124; Metropolitan Life Ins. Co. v. Chappell, 151 Tenn., 299; Burns v. Western & Southern Life Ins. Co., 35 Ohio App. 261.
This court is of the opinion that, the clause in an industrial insurance policy, which is commonly called the “facility of payment” clause, is merely an appointment, by agreement between the parties of persons who may receipt the company and discharge it and thereafter hold the amount received for the benefit of the person ultimately entitled thereto.
The court finds that §510.20 which is in the possession of C. D. Shank and Edward H. Dell constitute a part of the assets of the estate of the insured, and that the administrator is entitled to the possession of said proceeds and to recover said amount from C. D. Shank and Edw'ard H. Dell for the beneficial interest of said estate. The court renders judgment accordingly.