HELEN WEISS, Plaintiff, *v.* THE PRUDENTIAL LIFE INSURANCE COMPANY and Another, Defendants.

Municipal Court of New York, Borough of Manhattan, Fourth District, December 16, 1935.

*Morris Gutt,* for the plaintiff.

*George Kaminsky,* for the defendant Regina Grossman, as executrix, etc.

GENUNG, J.   The action is brought by the plaintiff, the former wife of the insured, to recover the proceeds of two policies of insurance issued by the Prudential Life Insurance Company on the life of one Philip Rothberger, under date of February 6, 1928. The company obtained an order of interpleader, under date of

August 11, 1935, and paid into court the sum of $415.80 and brought in as a party defendant Regina Grossman, executrix of the estate of Philip Rothberger, who claims the proceeds of these policies. The policies contain a " Facility of payment " clause: " It is understood and agreed that the said company may make any payment or grant any nonforfeiture provision provided for in this policy to any relative by blood or connection by marriage of the insured, or to any person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, for his or her burial, or any other purpose."

Plaintiff testified that the agent of the insurance company called on her a couple of days before she received the policies and told her " if anything happens you will be the beneficiary," and that, after the policies were delivered, the agent again told her, " don't be afraid; if anything happens, you paid the policies, you will get the money." He further told her that her name would be on the policies as the beneficiary; that, after the policies were delivered and she did not find her name, she asked the agent again about the beneficiary, and he said, " don't be afraid; if anything happens, you paid the policies, you will get the money;" that the agent wrote a paper and gave it to her husband and made a copy on her policy. She further testified that she paid the premiums for five or six years and kept the policies; that she divorced the insured and went to the company office and they told her, " Don't be afraid, you can pay it: you are the beneficiary," and that was why she paid afterwards. The agent testified to the conversations with the plaintiff, and that he made out a paper, designating the plaintiff as beneficiary, signed by the insured, and verified before the agent as notary public, delivered the paper to the insured and wrote a a copy on the policy. After the death of the insured the plaintiff filed proofs of death, produced the policies and books showing payment of the premiums and demanded the money.

The facts bring this case within the rule of " present election " set forth in *Shea* v. *United States Industrial Insurance Co.* (23 App. Div. 53) and followed in other cases (*Matter of Arnott*, 148 Misc. 226; *Matter of Piotrowski*, 153 id. 463; *Matter of Reiniger*, 151 id. 607; *Matter of Dickman*, 142 id. 207; *Wilson* v. *Metropolitan Life Insurance Company*, 239 App. Div. 745). " The promise on the part of the insurance company to pay the party procuring the policy and paying the premiums, constitutes an election on the part of the company to designate a certain person the beneficiary under the policy. (*Shea* v. *United States Industrial Insurance Co.*, 23 App. Div. 53; *Tarasowski* v. *Prudential Insurance Co. of America*, 113 Misc. 248.) " (*Matter of Reiniger, supra.*)

Counsel for defendant cites the recent case of *Kasper* v. *Metropolitan Life Ins. Co.* (244 App. Div. 508). In that action the company had paid the proceeds of the policy to a daughter of the insured, with whom he lived, who cared for him, paid his burial expenses and other debts, and was appointed administratrix of the estate. The plaintiff was a nephew who had the policies in his possession and paid the premiums, and testified they were issued in return for money loaned to the insured. The plaintiff recovered a verdict from a jury, but the Appellate Division reversed and gave judgment for the defendant, and refused to follow *Shea* v. *United States Industrial Insurance Co.* (*supra*). The *Kasper* case differs from this case.

The plaintiff is entitled to judgment. Ten days' stay.