In the Matter of the Estate of MIRIAM LEVY, Also Known as MARY LEVY, Deceased.

Surrogate's Court, Bronx County, March 19, 1936.

*Harry Epstein* [*Nathan A. Epstein* of counsel], for the petitioner, Benjamin M. Levy, administrator.

*Marco J. Shemaria*, for Sarah Azuz, Victor Russo and Esther Gormezano, respondents.

*Solon Weit*, for the Prudential Insurance Company of America, respondent.

HENDERSON, S. This is a discovery proceeding in which the issue is whether the proceeds of six industrial insurance policies belong to the estate or to the respondents. The insurance company has deposited the amount due on the policies in court.

The administrator is the son; the respondents, a brother and two sisters of the decedent. The brother claims the proceeds of three policies aggregating $849.74; Sarah Azuz, two aggregating $736.28, and Esther Gormezano, one in the amount of $383.69.

The circumstances in each case are similar. The decedent was on friendly terms with her brother and sisters and received financial assistance from them. In each case the agents of the insurance company solicited the insurance and represented that the person who paid the premiums and retained the policy would be paid the insurance by the company in the event of the decedent's death. I discredit the contrary testimony of the two agents who are still employed by the company. In each case the decedent agreed to make the application, and her brother and sisters, as the case might be (there were four separate transactions), agreed to pay the premiums. The insurance agent in each case delivered the policy to the claimants and all the premiums were paid by the claimants who at all times retained the policies.

It is contended that the representations of the agents constituted an agreement as to each policy binding upon the company to pay the proceeds to the respondents upon the death of the insured. (*Shea* v. *United States Industrial Insurance Co.*, 23 App. Div. 53; *Matter of Arnott*, 148 Misc. 226.) The doctrine laid down in the *Shea* case has been limited by *Kasper* v. *Metropolitan Life Insurance Co.* (244 App. Div. 508).

The rights of the respondents to this fund, however, are not dependent upon their rights as against the insurance company. Here there was an agreement between the decedent and the respondents. Upon the condition that the respondents pay the premiums, the decedent agreed to make application for the policies and direct delivery to the respondents with the understanding that they were to receive the proceeds upon her death. Such agreement effected an assignment of the various policies to the several respondents and they are entitled to collect the sums claimed by them as above set forth. (*Matter of Marszycka*, N. Y. L. J. Nov. 22, 1932.) Settle decree directing the clerk of this court to make payment to the respondents of their respective claims.