ORAVETZ v
METROPOLITAN LIFE INS CO

Ohio Appeals, 6th Dist, Lucas Co

Decided Feb 1, 1937

James H. Fox, Toledo, and Murray Friedman, Toledo, for appellant.

Holbrook & Banker, Toledo, and Donald DeMuth, Toledo, for appellee.

## OPINION

By LLOYD, J.

In an action brought by the appellant, Julia Oravetz, the Court of Common Pleas granted a motion of the appellee, Metropolitan Life Insurance Company, for a judgment on the pleadings.

From this judgment, appellant appeals to this court, on questions of law, the only assignment of error being the granting of the motion and the entry of the judgment.

The facts as pleaded in the second amended petition of appellant and the answer thereto of appellee are: that appellee, a New York corporation, maintained offices and "employed agents for the solicitation of premium payments on all of the various types of insurance" issued by it; that an "Industrial Whole Life Policy" issued and delivered by it to appellant "contained a clause commonly known as a facility of payment clause, which is as follows:

"The company may make any payment or grant any nonforfeiture privilege provided therein to the insured, husband or wife, or any relative by blood or connection by marriage of the insured, or to any other person appearing to said Company to be equitably entitled to the same by reason of having incurred expenses on behalf of the insured, or for his or her burial; and the production of a receipt signed by either of said persons, or of other proof of such payment or grant of such privilege to either of them, shall be conclusive evidence that all claims under this policy have been satisfied"; that in April, 1932, the insurance company issued and delivered to Steve Oravetz, a brother-in-law of appellant, a policy in the sum of $800 in which was the foregoing quoted "facility of payment clause"; that at the time of its issuance a duly authorized agent of the insurance company, who dealt with appellant, informed her that it would not be necessary to have a beneficiary named in the policy and that if she would pay the premiums and not allow the policy to lapse because of non-payment of premiums, and if the policy was in her possession at the time of the death of Steve Oravetz, the amount of the insurance would be paid to her; that relying on these representations she paid to the agent all of the premiums as they became due and had the policy in her possession when Steve Oravetz, the insured, died; that all of the conditions of the policy have been performed, but that the company has refused the request of appellant to pay to her the amount of the policy and has paid the same to George Oravetz, a brother of the insured. The appellant in her petition prays for a judgment for the amount of the policy, and appellee, in its answer, asks that her petition be dismissed.

The facility of payment clause of the policy gave to the company an option or right of election as to whom the amount of the insurance might be paid upon the death of the insured, and there appears from the facts presented by the pleadings, no reason why that election could not be exercised as well upon the issuance and delivery of the policy as after the death of the insured. The petition alleges that the option was exercised and the election made by a "duly authorized agent of the defendant company." If authorized so to do, and appellant relying thereon complied with the alleged authorized agreement, there seems no apparent reason why the insurance company should not be bound thereby.

The judgment is reversed and the cause remanded to the Court of Common Pleas with directions to overrule the motion for

judgment on the pleadings and for further proceedings according to law.

Judgment reversed and cause remanded.

TAYLOR and CARPENTER, JJ., concur.