By the Court.
 

 The original action in the Court of Common Pleas was not a “chancery case” and therefore appeal to the Court of Appeals on questions of law and fact did not lie.
 
 Marleau
 
 v.
 
 Marleau,
 
 95 Ohio St., 162, 115
 
 N.
 
 E., 1009, and
 
 Durham
 
 v.
 
 Durham,
 
 104 Ohio St., 7, 135 N. E., 280.
 

 Defendant, appellant in this court, contends that under Section 12223-22, General Code, the appeal on questions' of law and fact should not have been dismissed, but the appeal should have been heard upon questions of law; that under Section 12223-5, General Code, the Court of Appeals should have permitted an amendment of the notice of appeal by striking therefrom the words “and fact,” and that under Section 11564, General Code, it was the duty of the Court of Appeals to fix a time, not exceeding 30 days, for the preparation and settlement of a bill of exceptions when that court determined that the case could not be heard upon the facts and such bill of exceptions had not been filed.
 

 The plaintiff, appellee in this court, contends that under the new Appellate Proceedure Act (Section 12223-1
 
 et seq.,
 
 General Code), it is discretionary with the Court of Appeals, in the absence of a motion to amend the notice of appeal-, to grant leave to file a bill of exceptions after the 40-day limitation has expired.
 

 
 *332
 
 In the case of
 
 Loos
 
 v.
 
 Wheeling & Lake Erie Ry. Co., ante,
 
 321, this day decided, this court held that under the new Appellate Procedure Act, whenever' an appeal on questions of law and fact is filed in a case where an appeal on questions of law only should have been filed, the appeal shall stand for hearing on questions of law, as required by paragraph 2 of Section 12223-22, General Code.
 

 Section 11564, General Code, as amended by the new Appellate Procedure Act, was intended to provide for the preparation of a bill of exceptions, in a situation such as is presented in this case, by requiring the Court of Appeals to fix the time, not exceeding 30 days, for the preparation and settlement of a bill of exceptions.
 

 Under the circumstances in the instant case, the formal filing of a motion for leave to amend was not prerequisite to the exercise by the court of the duties enjoined by those sections'.
 

 The judgment of the Court of Appeals is reversed and the cause is remanded to that court with directions to overrule the motion to dismiss the appeal and to fix a time for the preparation and settlement of a bill of exceptions.
 

 Judgment reversed and cause remanded.
 

 Weygandt, C. J., Matthias, Day, Zimmerman, Williams, Myers and Gorman, JJ., concur.