284

Lena Bretherton Rawlings, Appellant, *v.* The Prudential Insurance Company of America, Appellant, and William E. Bretherton, as Administrator, etc., of William K. Bretherton, Deceased, Interpleaded Defendant, Respondent.

Second Department, February 17, 1939.

*Harry M. Begun*, for the plaintiff-appellant.

*Ralph Earl Prime, Jr.* [*Francis J. Duffy* and *K. B. Hixon* with him on the brief], for the defendant-appellant.

*George Essrow*, for the respondent.

DAVIS, J. The action is brought to recover on an industrial policy of life insurance for $1,000, containing the usual " facility of payment " clause, issued on the life of William K. Bretherton. It contained a provision for double indemnity in case of accidental death. No beneficiary was named therein.

The plaintiff and Bretherton entered into a so-called common-law marriage in 1928. It was not a valid marriage, although the parties evidently in good faith believed it to be, for they were employed in public institutions and lived together, with the plaintiff occupying a responsible position.

The policy was issued on the application of Bretherton in March, 1930, and another was issued to plaintiff on her application at the same time. It was evidently the purpose of each one to make the other the beneficiary. When the policies were delivered to both by the agent, the plaintiff called attention to the absence of a beneficiary and was assured by him that the proceeds of Bretherton's policy would be paid to her in case of death. Thereafter the plaintiff paid the premiums and the receipts were entered in the books in her possession provided by the company. It is not claimed that any other person paid any of the premiums. Plaintiff retained possession of the policy.

Bretherton lost his position in 1934, worked elsewhere for a short time, then fell ill and finally returned to his mother's home in Buffalo, apparently destitute. Up to this time the relations of the plaintiff and the insured remained the same. The plaintiff continued to pay the premiums until January, 1935, when she instructed the agent to collect from the insured in Buffalo. Neither he nor any one else made any payment thereon, and by the terms of the policy the insurance became extended for about four years. During this period and on March 26, 1937, the insured was instantly killed in an accident.

The plaintiff made proof of death and of her claim as " wife " and as one equitably entitled to receive payment on the ground of " present election " on the part of the company to pay to her. (*Shea* v. *United States Industrial Ins. Co.*, 23 App. Div. 53.) She produced and sent to the company the policy and the receipt books.

Her claim was stamped "payment authorized" and "paid" while in the hands of the company. It appears that a check was made out to her and sent to the agent for delivery. It was withheld solely on the ground that plaintiff should produce the receipt of the undertaker for funeral expenses, which had been paid by the mother of the insured in Buffalo. Plaintiff made an effort to get such receipt, but was unable to obtain it. All this occurred in May and June, 1937.

Then the company or its agents suggested that she make a claim as a creditor, and plaintiff submitted an affidavit showing that the insured was actually indebted to her. So it appears that the company had knowledge of the acts of its agents in respect to the merits of plaintiff's claims and of her equitable right to be paid. It was required to act on equitable principles in determining who should receive payment. (*Zornow* v. *Prudential Insurance Co.*, 210 App. Div. 339; *Zahn* v. *Metropolitan Life Ins. Co.*, 250 id. 231.) The company procrastinated and this action was brought. After it had answered, the company evidently inspired the relatives in Buffalo to make claim. They apparently knew little, if anything, about the policy until that time and had paid none of the premiums. They never filed a claim. But an administrator was appointed who did not file a claim but brought an action on the policy in Erie county. Then the attorneys for the company interpleaded as between these parties, consolidated the actions and paid the amount of the policy into court, defending only as to the double indemnity, which was solely a question of law depending on a construction of the language of the policy. Therefore, on the issue between the two claimants, the company became indifferent, without interest as to which was successful.

Nevertheless, when the issue between the two claimants came on for trial, two of the attorneys for the company appeared in court and took an active part in the trial as partisans on the side of the defendant administrator. Over repeated objections of plaintiff's counsel as to their participation in the trial between the two claimants, which were overruled, they made constant objections and motions to strike out, engaged in colloquies and made suggestions and argument throughout the plaintiff's case. As a result, evidence not objected to by the other defendant was excluded, some of it competent. They cross-examined the plaintiff and her witnesses, and at the end of plaintiff's case joined with the other defendant in moving for a nonsuit and in arguing the motion.

When the witnesses for the defendant administrator were called the attorneys for the company remained silent until plaintiff's

counsel developed favorable testimony, then they would again take part in cross-examination to offset it. When the administrator's case was finished, they called employees of the company in an attempt to disprove the plaintiff's claim. These witnesses, evidently thinking the company's interests were involved, were obviously evasive and untruthful in respect to disclosing anything favorable to the plaintiff. Again at the close of the case these attorneys joined with the attorney for the defendant administrator in making and arguing a motion to dismiss the complaint.

As a result the trial was greatly confused. The plaintiff's counsel, harried throughout by such improper intervention, never had a fair chance to develop his proof. In this controversy between interpleaded claimants the attorneys for the company were mere bystanders. Their intervention was prejudicial error. (4 Carmody's N. Y. Prac. p. 3281.) The counsel for the administrator should have joined in the motion to exclude this participation in the trial.

There were other errors brought about, no doubt, by the confusion mentioned. Hearsay evidence was admitted in respect to what the insured had said about the policy and his writing a letter to obtain it. The declarations of a deceased person in his own favor are no more competent than are those of a living person. (*Matter of Berardini*, 238 App. Div. 433, 435, and cases cited.)

As there is no named beneficiary no one has an absolute right after proof of death to bring an action on this type of policy. (*McCarthy* v. *Prudential Insurance Co.*, 252 N. Y. 459; *Zahn* v. *Metropolitan Life Ins. Co.*, 250 App. Div. 231.) First the company must make a determination as to whom the policy should be paid in view of equitable rights. The payment of the premiums is an element to be considered, for without such payment there would be no insurance. (*Zahn* v. *Metropolitan Life Ins. Co.*, *supra.*) After the company has acted, or unreasonably failed to act, a cause of action arises in equity in favor of any one aggrieved. Contending claimants may properly be brought into court to have conflicting claims adjudicated. Unless the company denies liability on the policy, it has no further interest in the suit.

These actions are equitable in their nature and courts proceed to a determination on equitable principles in respect to the rights of the parties. Whoever may eventually recover here, there should be provision for payment of the funeral expenses to the mother. As there is to be a new trial, it is unnecessary to determine the question of double indemnity.

For the reasons stated the judgment should be reversed on the law and for error in fact and a new trial granted, with costs to

plaintiff-appellant against the defendant company, and with costs against the defendant administrator to abide the event. The cross-appeal by the defendant company should be dismissed.

CARSWELL, JOHNSTON and CLOSE, JJ., concur; LAZANSKY, P. J., concurs in result.

Judgment reversed on the law and for error in fact and a new trial granted, with costs to plaintiff-appellant against the defendant company; and with costs against the defendant administrator to abide the event. The cross-appeal of the defendant company is dismissed.