LOEWENSTINE, APPELLANT, *v.* LOEWENSTINE ET AL., APPELLEES.

(No. 6059—Decided February 2, 1942.)

Mr. *Leonard H. Shallat,* for appellant.
Mr. *Charles C. Boyle,* for appellees.

MATTHEWS, P. J.   The notice of appeal in this case recites that the appeal is on questions of law and fact. No appeal bond has been given and the time within which it could be given has expired.

No bill of exceptions was filed in the trial court within forty days of the decision of the court.

When this case was called for hearing in this court, the appellant requested the court to reduce the appeal to one on questions of law and fix the time not exceeding thirty days for the preparation and filing of a bill of exceptions.  The case is now before the court upon that request.

Among the papers now before the court is a bill of exceptions which was prepared and filed after the request to fix the time had been made. While the court has not actually fixed the time, we have concluded that it is our duty to do so under the decisions in *Loos* v. *Wheeling & Lake Erie Ry. Co.,* 134 Ohio St., 321, 16 N. E. (2d), 467, and *Bennett* v. *Bennett,* 134 Ohio St., 330, 16 N. E. (2d), 474, and we now reduce the appeal to one on questions of law and instead of fixing the time for preparing and filing a bill of exceptions, will consider the one now on file as having been prepared and filed during the time not exceeding thirty days, which would have been fixed.

The case will be set for hearing upon the merits at a later date.

HAMILTON and Ross, JJ., concur.

(No. 6059—Decided March 9, 1942.)

MATTHEWS, P. J.   This appeal, having been reduced to one on questions of law only, comes on for hearing upon the record including a bill of exceptions.

The controversy in this case is as to who is entitled to the surrender value of two industrial insurance policies. The insurer admits a liability of $228.54 on one policy and $252.06 on the other, and declares its willingness to pay as decreed by the court.

These policies are on the life of the plaintiff, who is the father of the defendant, Ellsworth Loewenstine.

The evidence shows that Edward C. Loewenstine, deceased, who was the father of the plaintiff and the grandfather of the defendant Ellsworth Loewenstine, arranged with the insurer for the issuance of these policies upon the life of the plaintiff and during his lifetime paid the premiums thereon.

The evidence also shows that Edward C. Loewenstine in the presence of the plaintiff "gave both of these policies to the defendant and told defendant to hold said policies until the death of the defendant's father, the plaintiff in this action," and "that the plaintiff said nothing when this was done." The defendant had the policies when this action was commenced.

The policies do not name a specific beneficiary although in one, the personal representatives are mentioned as the payees on proof of death, subject, however, to the possibility of prior payment under the "facility for payment clause," and both provide that "the company may make any payment provided for in this policy to any relative by blood or connection by marriage of the insured, or to any person equitably entitled by reason of having paid funeral or burial expenses."

No matter when or to whom payment should be made, the surrender of the policy was made a condition precedent.

It is clear that under the "facility for payment" provisions of these policies, the insurer upon the death of the insured would have the option of paying to any one coming within the descriptive terms of "facility for payment" clause, but that option of the insurer gave to none such a vested right to such payment. While the provisions of the policy gave no vested right to the proceeds, the insurer might, by its conduct, become bound to pay to a specific person. An election to pay a specific person relied upon by such person, would operate as an estoppel binding the insurer. *Oravetz* v. *Metropolitan Life Ins. Co.*, 56 Ohio App., 92, 10 N. E. (2d), 17. If the insurer failed to exercise its option, the personal representative of the deceased insured could enforce payment. 22 Ohio Jurisprudence, 411, Section 269.

However, we are not considering here the benefits after the death of the insured. The question here relates to the surrender value of the policies and the insured is one of the claimants.

The defendant, Ellsworth Loewenstine, bases his claim to the policies and the surrender value thereof upon the fact that his grandfather placed him in physical possession of the policies under the circumstances already set forth. If what took place on that occasion conferred no right upon him, then clearly the plaintiff as the insured is entitled.

Edward C. Loewenstine was not a party to these insurance contracts. In his negotiations, therefore, he must be regarded as doing so for and on behalf of the plaintiff, who was named as the insured, and for whose benefit the policies were issued. The fact that he paid the premiums gave him no right to the proceeds. *Burns* v. *Western & Southern Life Ins. Co.,* 35 Ohio App., 261, 172 N. E., 418.

Edward C. Loewenstine, therefore, had no assignable interest in the policies. Furthermore, the language is insufficient to indicate an intention to assign the choses in action. What he said was that the defendant should "hold said policies until the death of defendant's father," without indicating in any way any intention that the title to the choses evidenced by the policies should be transferred.

For the same and stronger reasons, what took place between these parties cannot be regarded as constituting a contract. There was no consideration.

It is clearer still that it cannot be sustained as creating a trust. The language is insufficient. Neither the purpose nor the *cestui que trust* was named. The proof shows a bare direction to hold the policies. There was no direction to hold for the benefit of the plaintiff. There was no transfer of the equitable title to the

plaintiff. There could not be. He already had the complete title by virtue of being the insured. If the defendant based his right on a relationship of trustee and *cestui que trust,* it was essential to his case to establish all the elements of the relationship. The burden was on him. 40 Ohio Jurisprudence, 167, Section 34; 26 Ruling Case Law, 1203, Section 44.

For these reasons, the judgment is reversed and the cause remanded with instructions to enter judgment on the policy for its surrender value as alleged in the insurer's answer.

*Judgment reversed.*

HAMILTON and ROSS, JJ., concur.