## Smith, Admrx., Appellant, v. John Hancock Mutual Life Insurance Company et al.

---

[3] See Sharswood's Blackstone's Comm., Book 4, page 280, footnote 1, page 281, footnote 4; *Com., to Use, v. McCann & Co.*, 174 Pa. 19, 34 A. 299.

Argued March 12, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*Wm. Vincent Mullin,* for appellant.

*Thomas Boylan,* for appellee.

OPINION BY STADTFELD, J., July 27, 1942:

This was an interpleader issue tried by a judge with-out a jury, to determine the title to the proceeds of three policies of insurance issued by the John Hancock

Life Insurance Company on the life of Charles Baumgardner. The insured died on January 23, 1936.

Upon petition filed by the defendant company, the money was ordered paid into court pending the outcome of interpleader proceedings between Anna Smith and Lillian Kling, the two rival claimants. On September 26, 1919, immediately following the death of the insured's wife, his step-daughter, Lillian Kling, was named beneficiary on the three policies in question. On the policies there appears the following endorsement: "All prior designations having been revoked Lillian Kling Daughter has been designated as beneficiary, subject to the right of the insured to make further designations as provided in the policy. It being agreed that no such designation shall take effect until endorsed hereon by the President or Secretary. Fred E. Mason Secretary. Boston 9/26/19"

From that date to the date of the trial Lillian Kling, the named beneficiary, had the policies in her possession. On numerous occasions she produced them at the local office of the defendant company, in order to collect the dividends issued thereon. The last dividend stamp appearing on the policies shows the date of August 21, 1935.

The finding was in favor of Lillian Kling, the present appellee, in an opinion by BONNELLY, J. Anna. Smith, the appellant, moved for a new trial and for judgment n. o. v. The lower court refused both motions.

The three policies as originally issued were not payable to any specific beneficiary. The designation of Lillian Kling as beneficiary in all three policies was a result of the act of the insured who took the three policies to the office of the insurance company for that purpose.

The claimant,. Anna Smith, appellant, is the wife of a step-son of the insured. She bases her claim on an alleged change of beneficiary. In support of her con-

100

tention she produced a copy of an affidavit purported to have been signed by the insured in 1925, and alleged to have been mailed to the defendant company.

Said affidavit is in form following: "TO THE JOHN HANCOCK INSURANCE COMPANY

I do not want Mrs. Lillie Kling my step daughter to have my insurance, only what she paid since my wife died.

Mrs. Lillie Kling my step daughter got my insurance signed over to her, by having the agent of the company at that time the year of 1919 by holding my hand. I am blind and can not see to read. I asked him what I was signing and said dont you know.

I thought i was signing for her to get her mothers and my wife's insurance who had just been dead a few weeks.

While my wife lived she gave Mrs. Lillie Kling my step daughter the money to pay my insurance. my wife died on August 14th 1919.

After my wife died i asked Mrs. Lillie Kling my step-daughter what she wanted for my board, and i paid her what she asked for.

I want my insurance paid to Mrs. Anna Smith as my Beneficiary. who has given me a home for the last six years. Five years of that I have not been able to work. and i know she should have it. as Mrs. Lillie Kling my step daughter never did anything for me only what she got paid for.

My Policy was paid up at the age of 75 Years and that was on the 14th of March 1924.

Witness jmy hand and seal on 21 day of July A. D. 1925

Witnesses

*Charles H. Thompson*
*3516 N. Wilton St.*
*Thomas H. Palmer*
*1927 N. 6th St.*

*his*
*Charles X E. Bomgardner SEAL*
*mark*

On 21 day of July A. D. 1925 before me subscribe a Notary Public for the Commonwealth of Pennsylvania residing in the City of Philadelphia personally appeared the above name and acknowledge the foregoing instrument to be his act and deed and desired that the same might be recorded as such according to the law.

Witness my hand and Notarial seal the day and year aforesaid

SEAL        Thomas H. Palmer
                Notary Public
                My commission expires March 9, 1927"

She also produced a letter purported to have come from the defendant company addressed to Mrs. Anna Smith, claimant, in form following:

"JOHN HANCOCK
Mutual Life Insurance Company
Home Office
Boston, Massachusetts.

January 25, 1928

Mrs. Anna Smith
1639 No. 56th St.
Philadelphia, Pa.

Dear Madam:

We have before us forms recently completed for the purpose of nominating you as beneficiary under policies #3023748—3908294—3505175 on the life of your father-in-law, Mr. Charles Baumgardner.

We are informed that these policies are held up by Mrs. Lillian Kling, daughter of the insured, who has refused to give them up. We, therefore take this occasion to advise you that the above nomination is being filed subject to whatever claim, if any, the said Lillian Kling, may be able to prove.

                Yours truly
                Charles J. Diman, Secretary

DDB:J                By D. DeBlock

We quote from the opinion of the court below: "Lillian Kling testified that she was never requested to give up the policies, either by the defendant company or by the insured and that she produced the policies from time to time at the office of the defendant company and collected dividends thereon, the last dividend being paid to her as late as 1935.

"The insured had more than eleven years within which to effect the change of beneficiary in compliance with the terms of the policies. The claimant, Anna Smith, undertook to account for the omission to endorse the policies by alleging that the claimant, Lillian Kling, had them in her possession and that she refused to surrender them, either to the defendant company or to the insured. The evidence does not sustain this contention. The fact that the defendant company paid the money into court did not waive any of the rights vested in the claimant, Lillian Kling, after the death of the insured.

"Since the policies were in the possession of the claimant, Lillian Kling, the named beneficiary, for seventeen years prior to the death of the insured, and further since she was recognized as such beneficiary by the payment to her of dividends due thereon, the proof presented by the claimant, Anna Smith, is not sufficient to sustain a finding that she was the beneficiary under the policies. In *Grant v. Faires*, 253 Pa. 232, 238, it is stated: ' "As against the original beneficiary, the society cannot, by any act or omission occurring after the members's death, waive compliance with provisions governing the mode of changing beneficiaries, since immediately on the member's death the original beneficiary's rights became vested." 29 Cyc. 136e, note 76.' " The findings of the trial judge, sitting without a jury, supported by legally competent evidence, have the force and effect of the verdict of a jury: *Lichow, App. v. Brown*, 142 Pa. Su-

perior Ct. 272, 16 A. 2d 151; *Wilson v. Malenock,* 128 Pa. Superior Ct. 544, 194 A. 508.

Appellant contends that when the company pays the money into court, such payment is a waiver of any defense it might have made on the ground that designation of the beneficiary is irregular under its rules, and cites *Grant v. Faires, Executor,* supra. The case cited does not support appellant's position. We quote from the opinion by Mr. Justice WALLING: "By turning over the fund the society admits its liability and waives any defense it may have to the payment of the claim by whomsoever demanded. But, where the rights of others have become vested by a member's death, the society cannot and does not waive such rights by paying the fund into court: ......

"We cannot regard as accurate the obiter statement in *Pennsylvania R. R. Co. v. Wolfe,* supra, (203 Pa. 269, 52 A. 247) to the effect, that the deposit of the fund in court constitutes such a waiver on part of the society as to change the legal rights of claimants. For, in our opinion, a society which is legally liable to pay money to one of two parties, and not knowing to which, pays it to a stakeholder, that the law may determine to whom it belongs, has not waived any right. Under such circumstances to pay the fund into court or to a stakeholder is proper practice and thereby no rights are lost: *Harton's Est. (No. 1),* 213 Pa. 499; *Elliott v. Lycoming County Mutual Ins. Co.,* 66 Pa. 22; *Baltimore & Ohio R. R. Co. v. Veltri,* 37 Pa. Superior Ct. 399; *Haller v. Haller,* 45 Pa. Superior Ct. 409."

In *Kress v. Kress,* 75 Pa. Superior Ct. 404, there were two claimants for the proceeds of the policy and the insurance company paid the money into court. This court held that the rights of the parties were not changed by the payment of the fund into court, citing *Grant v. Faires,* supra. The court further said: "The method adopted by the parties in providing for a change

of beneficiary was lawful, and it must be followed to bring about an actual, completed substitute of beneficiary." To the same effect see *Herrod v. Kimbrough,* 83 Pa. Superior Ct. 238; *Shoemaker v. Sun L. Ins. Co.,* 101 Pa. Superior Ct. 278.

The insurance company's letter of January 25, 1928 is addressed not to the insured but to the other claimant. The statement in that letter as to any refusal to turn in the policies for the alleged change was in no way binding on Lillian Kling. There was no proof that the contents of this letter were ever made known to the insured and therefore no conclusion can be reached that he was in any way affected by the contents of the letter.

The insured lived for nearly eleven years after the alleged attempted change in 1925 and there is not a single word of testimony, beyond the letter of January 25, 1928, that the insured ever did a single thing toward complying with the requirements of the policies after he signed the papers in 1925. In addition we have the statement in that letter that "the above nomination (for change of beneficiary) is being filed subject to whatever claim, if any, the said Lillian Kling, may be able to prove."

There was a total failure on the part of the insured to comply with the requirements as to the proper method of change as also of any attempt at substantial compliance, or any proof that the insured did everything reasonably possible to make a change in the proper way.

We believe that the findings of the court below are amply supported by legally competent evidence and that the judgment in favor of Lillian Kling, the beneficiary named in the policy should be affirmed.

Judgment affirmed at costs of appellant.

KELLER, P. J. and KENWORTHEY, J., dissent.