## Griswold v. Prudential Insurance Company of America

*David Landau,* for plaintiff.

*Vosburg & Vosburg,* for defendant.

EAGEN, J., January 11, 1943.—This is a rule to remove a compulsory nonsuit granted at the trial of the action by Lesher, J., now deceased. A reading of the testimony in its most favorable light to plaintiff discloses she sued to recover insurance premiums paid

to defendant on a policy issued on the life of her divorced husband. The policy was issued on November 17, 1917, and plaintiff separated from the insured, her husband, on December 20, 1923. The policy was an industrial policy and contained a "facility of payment clause". It specified the proceeds were payable "to the executors or administrators of the estate of the insured" but also provided the company had the option of paying to a person equitably entitled thereto. Immediately after the separation, having possession of the policy, plaintiff wished to surrender it for the cash value and so notified an agent of defendant company. He advised her to discuss it with the district superintendent of the company at its offices, which she did. He told her, "Oh, don't turn it in. Keep it up. Pay up the premiums, and if he dies you will get the money because we can pay that money to anyone who is equitably entitled or equitably interested in the policy and keeps up the premiums." On the strength of that promise and assurances by other agents who came to her home to collect the premiums, plaintiff continued to pay the premiums until it became a paid-up policy on November 17, 1937. The insured died February 28, 1939, and plaintiff submitted proofs of death, the policy of insurance and demanded payment from defendant company of the proceeds due thereunder, which was refused. At the trial defendant's counsel admitted the money due has never been paid but that the company is ready and willing to pay the executors of the decedent's estate.

This is a novel question. No Pennsylvania authority similar in nature has been called to our attention. Although the case originally was interpreted as a suit upon the policy itself (see opinion of court filed August 7, 1940), it proceeded to trial upon the theory of money "had and received." Plaintiff contended that the premiums paid by plaintiff over the years were obtained under "false color and pretense" and that there is implied in law a promise to repay money un-

lawfully held. See Humbird v. Davis, 210 Pa. 311, Union Trust Company of New York v. Gilpin, 235 Pa. 524, and 41 C. J. 38, §18.

The trial judge granted the nonsuit upon the basis of the decision of Sebastianelli v. Prudential Insurance Company of America, 337 Pa. 466, which held that premiums paid on an insurance policy "voluntarily without duress or coercion" could not be recovered back although not required to be paid under the terms of the policy.

We believe that in the interests of justice a new trial should be awarded. There is a vast difference between the facts herein and those in the Sebastianelli case. Therein there was no false promise or misrepresentation upon the part of the insurer or its agents. Also in our case the party paying the premiums was a third party who would have no interest in doing so unless she acted with reliance upon the promises made by the company's representatives.

Counsel for defendant argue that many Pennsylvania cases hold an agent or representative of the company cannot change the terms of the contract. This is clearly the law. However we do not interpret the promises and representations concerned with herein as changing the terms of the policy. They rather "had the force of a present election upon the part of the company to exercise the option . . . in favor of the plaintiff. This does not change the terms of the policy; it is an agreement in addition thereto, and entirely consistent therewith, which may rest on parol and be enforced according to its terms."

See Tarasowski v. Prudential Insurance Co., 113 Misc. 248, 184 N. Y. Supp. 264, 266, and La Rau v. Prudential Insurance Company of America, 49 A. L. R. 935.

In insurance cases involving "facility of payment clauses" equities are to be considered. Certainly the payment of premiums over a period of years on the

strength of a promise of an agent of the company creates a substantial equity. Several States, particularly New York, have held that a doctrine of present election should be employed where the insured's agent induced the claimant to pay the premiums upon the representation that the proceeds would be paid to him. See Tarasowski v. Prudential Insurance Co., supra, Weiss v. Prudential Insurance Co., 157 Misc. 505, 284 N. Y. Supp. 878, Rawlings v. Prudential Insurance Co., 256 App. Div. 284, 9 N. Y. Supp. (2d) 979, Oravetz v. Metropolitan Life Insurance Co., 56 Ohio App. 92, 10 N. E. (2d) 17, and Metropolitan Life Insurance Co. v. Williams, 197 Ark. 883, 125 S. W. (2d) 441.

Defendant argues that plaintiff has no insurable interest, being the divorced wife of decedent. In Kelly v. Prudential Insurance Company of America, 334 Pa. 143, the Supreme Court held in a somewhat similar situation at page 153:

"By acquiescence and acceptance of premiums from appellee over a number of years, appellant is now in no position to complain that appellee had no insurable interest which entitles her to maintain a suit on the policies. In any event the usual rule applies, that if the party to whom the policies were issued *then* had an insurable interest, it is unnecessary for the beneficiary to prove an insurable interest *at the maturity of the policies*: *Montgomery's Est.*, 299 Pa. 452, 149 A. 705; *Szymanski's Est.*, 109 Pa. Superior Ct. 555, 167 A. 420; *Pashuck, Admr., v. Metropolitan Life Ins. Co.*, 124 Pa. Superior Ct. 406, 188 A. 614."

Since defendant admits the money is due someone, the payment of the fund into court in order that the rights of all claimants could be properly adjudicated should be seriously considered. See Smith, Admx., v. John Hancock Mutual Life Insurance Co. et al., 150 Pa. Superior Ct. 97, 103.

In order, therefore, that no great injustice be suffered by anyone and in order that the proper party

entitled to the proceeds of this insurance may be determined, we herewith award a new trial.

Now, January 11, 1943, the rule heretofore granted to show cause why the compulsory nonsuit should not be removed is made absolute.