JOSEPH H. ABRAHAM, Plaintiff, *v.* SAMUEL LEWIS ABRAHAM, Defendant.

First Department, June 20, 1935.

*Arthur J. Marangelo [Lewis & Kelsey,* attorneys], for the plaintiff.

*Arthur G. Silverman [Eisman, Lee, Corn & Lewine,* attorneys], for the defendant.

McAVOY, J. This submission presents the question whether or not two trust agreements are revocable on the written consent of the settlor (plaintiff) only, and the corpus thereof plus accrued income, payable according to his written demand.

Defendant is trustee, and plaintiff sole beneficiary, under both trusts. In the first, made February 16, 1926, plaintiff expressly " sold, assigned, transferred and set over, and by these presents does sell, assign, transfer and set over unto the trustee " the securities described in Schedule A. Net income was to be paid to himself, and the trustee is then directed, " upon the death of the grantor [plaintiff], to transfer and pay over the principal of the said trust fund as he, the said Grantor, may by his last Will and Testament

appoint, and in default of such appointment, the same shall constitute and be disposed of as a part of his estate."

The second agreement, made nearly five years and nine months later (November 2, 1931), is identical in terms except (a) its corpus consists of the securities belonging to plaintiff as distributee of his deceased brother, and (b) the trustee is expressly authorized to advance to plaintiff enough to make the total payments, including income from both trusts, not more than twenty-five dollars per week.

There are in being various persons who would be the settlor's (plaintiff's) next of kin and statutory distributees if he should now die intestate. None of these persons has consented to the revocation of the two trust agreements. In neither of the trust agreements is the right of revocation expressly reserved. The question, therefore, is whether these other persons are " beneficially interested " (Pers. Prop. Law, § 23), and whether their consent is necessary to the desired revocation.

Section 23 of the Personal Property Law provides:

" Revocation of trusts upon consent of all persons interested. Upon the written consent of all the persons beneficially interested in a trust in personal property or any part thereof heretofore or hereafter created, the creator of such trust may revoke the same as to the whole or such part thereof, and thereupon the estate of the trustee shall cease in the whole or such part thereof."

When, as here, plaintiff is the sole beneficiary and the only person in any way referred to, and where there is no mention of " next of kin " or " issue " or " children " or any other class or group, we cannot see the possibility of a construction that a remainder has been created. In whom? To create a remainder, the intention so to do must be clearly and unequivocally expressed; otherwise, the instrument will be construed as creating a reversion. (*Doctor* v. *Hughes*, 225 N. Y. 305.)

" ' Estate ' and ' heirs ' are not equivalent terms; the estate is the subject matter with which the grantor deals; the heirs are possible distributees." (21 C. J. 914.)

The defendant relies upon the second *Whittemore* case (*Whittemore* v. *Equitable Trust Co.*, 250 N. Y. 298) in support of his contention that the plaintiff's next of kin have a remainder interest in the trusts. However, the facts in that case are much different. The settlor (there were three settlors, but the court for convenience referred to them as one) provided for the contingency of his death before the death of the life beneficiary (who was not the settlor), in which event the property was to be formally disposed of among the settlor's next of kin unless otherwise disposed of by his will.

The provision for this contingency (the settlor's death before the death of the life beneficiary) induced the court to read from the agreement an intention to create a remainder and not a reversion. Had this provision not been there, a different result would have obtained. Judge CRANE said: " If the trust deed had said that upon the death of the life beneficiary the net principal of the trust estate was to be paid over and delivered to the settlor or his next of kin in equal shares, the addition in this place of the words ' next of kin ' would not have been sufficient in all probability to create a remainder. Rather it would indicate that the settlor intended all above a life interest to remain with him as a reversion to be disposed of in any way he pleased."

The plaintiff is the only person beneficially interested in the trust estate created on November 2, 1931.

Plaintiff is entitled to judgment directing the defendant to deliver to him the property of both trusts, without costs.

MARTIN, P. J., MERRELL, O'MALLEY and UNTERMYER, JJ., concur.

Judgment directed for plaintiff in accordance with opinion, without costs. Settle order on notice.