CORN EXCHANGE BANK TRUST COMPANY, as Trustee, Appellant, v. BANKERS TRUST COMPANY et al., as Executors of MARCUS DALY, Deceased, et al., Respondents, Impleaded with Others.

(Argued June 3, 1935; decided July 11, 1935.)

*Frank C. Laughlin, Spotswood D. Bowers* and *Stewart W. Bowers* for appellant. A trustee is entitled to be reimbursed for necessary legal expenses and disbursements and it is immaterial that there are no provisions for such expenses in the instrument of trust. (*Woodruff* v. *N. Y., L. E. & W. R. R. Co.*, 129 N. Y. 27; *Matter of Maxwell*, 218 N. Y. 88; *Schoenherr* v. *Van Meter*, 215 N. Y. 548; *Downing* v. *Marshall*, 37 N. Y. 380; *Rensselaer & S. R. R. Co.* v. *Miller*, 47 Vt. 146; *Bissell* v. *Butterworth*, 118 Atl. Rep. 50; *Collier* v. *Munn*, 41 N. Y. 143.) There is nothing in the language of the deed of trust to take the case out of the general rule, or to indicate any intent that the trustee was required to pay necessary expenses of the trust out of its own pocket, and to imply such an agreement would be against public policy. (*Matter of Arkenburgh*, 38 App. Div. 473; *Matter of Larney*, 148 Misc. Rep. 871; *Gause* v. *Commonwealth Trust Co.*, 196 N. Y. 134; *Matter of Wallach*, 164 App. Div. 600; 215 N. Y. 622; *People* v. *Chapman*, 225 N. Y. 700; *Bushey & Sons* v. *American Ins. Co.*, 237 N. Y. 24; *Genet* v. *Delaware Canal Co.*, 163 N. Y. 173; *Atwater & Co.* v. *Panama R. R. Co.*, 246 N. Y. 519.)

No appearance for respondents.

CRANE, Ch. J. On the 9th day of May, 1929, Margaret P. Daly, of Hamilton, Montana, by instrument, duly executed, made the Corn Exchange Bank, doing business in the city and State of New York, a trustee of certain personal property, consisting of stock and bonds, to pay the income thereof to her son, Marcus Daly, during his life, and upon his death to apply the same to the use, maintenance and support of his son, Marcus Daly, 3d, being the grandson of the settlor. Upon the death of the grandson, the principal is to go in equal shares to his

children, or in the absence of any such children, to the then living children of the settlor.

When Marcus Daly, the son, died, the trust company accounted in the Supreme Court, citing all parties interested, and showing the principal of the trust in its hands to be $445,190 and the accumulation to be over $60,000. The infant son, Marcus Daly, 3d, having received a large income under the will of his father, the income under this trust has not been fully paid to him since the death of his father, but it has accumulated in the hands of the trustee.

Upon this accounting the trustee employed, as attorneys, Laughlin, Gerard, Bowers & Halpin whose services have been found to be reasonably worth $2,750. The trial judge also found in passing upon the account that the trustee " has made or necessarily incurred taxable disbursements in the above-entitled action in the amount of $304.70 and that said sum is reasonable and proper in amount." However, he disallowed these charges, holding that the trustee was obliged to pay them, if at all, out of its commissions because of a provision in the trust agreement reading as follows:

" 8. It is further agreed that the compensation of the party of the second part for acting as Trustee hereunder shall be one-half ($\frac{1}{2}$) of one per cent (1%) of the value of the securities turned over to it to form the corpus of this trust or of any cash so turned over and shall be one per cent of the value of the securities and cash paid over, transferred and assigned to whomever may be entitled thereto at the death of the life beneficiary and that the compensation of the party of the second part for collecting and paying over the income of this trust fund shall be two per cent."

We do not find that this word " compensation " includes the necessary expenses of the trustee upon an accounting proceeding such as this. It was obliged to be represented in court by an attorney and the charges

have been found to be reasonable and necessary. The money which an executor or trustee pays out of his own funds and gets back as reimbursements is in no sense compensation, and such has been the application of the word by the cases. The law finds expression in these words: " persons acting *en autre droit*, as executors, administrators, *trustees*, guardians, receivers, etc., are, upon a faithful execution of their trusts, to be *indemnified out of the trust property, for all expenses necessarily incurred in the faithful performance of their duties* " (*Matter of Maxwell*, 218 N. Y. 88, 90), and expenses in a proper case may include allowance for counsel fee and legal services. (*Woodruff* v. *New York, L. E. & W. R. R. Co.*, 129 N. Y. 27; *Downing* v, *Marshall*, 37 N. Y. 380; Bogert on the Law of Trusts, § 106, p. 404.)

Had this trust instrument made no provision for compensation, the allowances specified in section 1548 of the Civil Practice Act would have been given to the trustee together with the reasonable disbursements. Such also would have been the result had the trustee renounced the compensation fixed in the instrument as provided in subdivision 7 of section 1548 of the Civil Practice Act.

The success with which trust companies have seized the field heretofore occupied by the individual executor or trustee indicates that persons making wills or creating trusts believe that certain advantages are gained by having a corporate executor or trustee. Perhaps the statements regarding the reasonable rates at which the services of these trust companies can be procured give the impression that they are the maximum charges and include all expenses. It must be understood by the public generally that the rates paid to trust companies do not include the services of the lawyers whom they always employ or the other expenses which they incur. These matters, however, are not for our consideration at this time as we are here merely interpreting a written instrument.

We decide that the word "compensation" in that instrument does not include expenses and disbursements incurred upon this accounting.

Therefore, the judgments of the Appellate Division and of the Special Term in so far as they direct the payment of $2,750, lawyers' fees, and $304.70, expenses, by the plaintiff individually, should be reversed and judgment directed for the plaintiff for these amounts payable out of the estate, without costs.

LEHMAN, O'BRIEN, CROUCH, LOUGHRAN and FINCH, JJ., concur; HUBBS, J., not sitting.

Judgment accordingly.