In the Matter of the Estate of MARTIN O'DOWD, Deceased.
In the Matter of the Estate of MARY O'DOWD, Deceased.

Surrogate's Court, New York County, June 29, 1937.

*Budd & Coffey*, for the executor, petitioner.

*Walton, Bannister & Stitt* [*Edward W. Stitt* of counsel], for Mary O'Dowd McMahon and others, non-objecting legatees.

*Davis, Symmes & Schreiber* [*Harold L. Herrick* of counsel], for the objector.

FOLEY, S.   All the exceptions to the referee's reports are overruled and his reports are in all respects confirmed.

I specifically hold that the executor of the deceased executrix was under no duty, under the circumstances disclosed, to apply for the appointment of himself or any one else as administrator c. t. a. of the estate of the testator, Martin O'Dowd. It is true that in the ordinary case, upon the death of an executor a representative to administer the assets of a testator remaining unadministered should be appointed. But where, as here, the deceased executrix, Mary O'Dowd, was the sole beneficiary under the will and before her death had transferred to herself the assets of the estate of the testator, no necessity for an administrator c. t. a. arose. As the estate of Martin O'Dowd could be judicially and finally settled and determined upon an accounting of the executor of the deceased executrix, under the provisions of section 257 of the Surrogate's Court Act the procedure adopted of paying the debts of the testator out of the personal estate of the deceased executrix, thus obviating the necessity of further proceedings in the testator's estate, except an accounting, was entirely proper and without detriment to any person interested. (*Blood* v. *Kane*, 130 N. Y. 514.) Thereby, a double administration and additional expense and inconvenience which necessarily follow the appointment of an administrator c. t. a. have been avoided. To have procured the appointment of a substitute representative of the testator's estate in this situation would have been entirely unwarranted.

The objectant in these proceedings is one of seven children of Mary O'Dowd, the deceased executrix of the estate of Martin O'Dowd. She has a three-fourteenths interest in the fund. The remaining six children consented to the accounts and filed no objections. They urge that the costs of the proceedings, including the fees of the attorneys for the accounting party, should be charged against the objectant personally. The referee has found that the objections filed by the objectant were extended, were " repetitive and confusing, and in some respects trivial," and that the charges of fraud and collusion advanced by her were wholly without foundation. He accordingly dismissed all of the objections.

The surrogate has sustained the referee in these findings and conclusions. Unquestionably, the objectant is responsible for creating a situation where the estate has been put to considerable expense, with resultant substantial loss to the innocent beneficiaries. The referee has fixed the allowances for the services of the attorneys for the accounting party in these proceedings, in accordance with the statutory authority of section 279–a of the Surrogate's Court Act. There exists, however, no authority under the statutes for charging attorneys' fees personally against the losing party in an accounting proceeding, except under special circumstances not

present here. The services rendered by the attorneys were rendered by them on behalf of the accounting party in his representative capacity and are, therefore, payable as an administration expense out of the funds in his hands. Necessarily, the objectant's share in the fund will be proportionately reduced by the amount of such attorneys' fees.

In order to indemnify, at least to some extent, the other beneficiaries of the estate for the expenses to which they have been subjected by the contest, costs will be taxed and allowed to them in the exercise of the discretion of the surrogate, and charged against the distributive share of the objectant. (Surr. Ct. Act, § 276; *Matter of Garvin*, 256 N. Y. 518; *Matter of Hidden*, 243 id. 499; *Stevens* v. *Central National Bank*, 168 id. 560, 566; *Husted* v. *Van Ness*, 1 App. Div. 120; affd., 158 N. Y. 104; *Matter of Marshall*, 189 App. Div. 477; *Matter of Rogers*, 127 Misc. 428; affd., 220 App. Div. 834; *Matter of Jackson*, 127 Misc. 187; *Matter of Wolke*, 155 id. 235.) Section 276 of the Surrogate's Court Act provides: " Except where special provision is otherwise made by law, costs, awarded by a decree or order may be made payable by the party personally, or out of the estate, or fund, or out of the share or interest therein of any person, or from both, in such proportion as the Surrogate may direct, and justice requires." The Court of Appeals, in *Matter of Garvin* (*supra*), has gone even beyond the language of the Surrogate's Court Act and sustained an award of costs against an executor. In that case Judge LEHMAN said: " Even though the Surrogate's Court Act does not specifically authorize the court to charge the executors personally with costs and allowance, it has the power to impose that charge against them as an expense caused by their wrong. (See *Matter of Hidden*, 243 N. Y. 499.) " In *Matter of Hidden* (*supra*) the expenses of a reference, necessarily incurred in order to establish the wrongdoing of the committee of an incompetent, were charged personally against the committee. In *Matter of Rogers* (127 Misc. 428; affd., 220 App. Div. 834 [1st Dept.]) an unsuccessful contestant was taxed with costs in a probate proceeding where the contest was held by the surrogate to have been entirely unjustified. In *Matter of Jackson* (127 Misc. 187), where the proponent sought to probate an instrument which was a forgery, the costs of the contestants were charged against the proponent personally on the authority of *Matter of Marshall* (189 App. Div. 477 [1st Dept.]), which held that " the estate should not be mulcted in the costs and expenses of his unsuccessful effort to perpetuate the fraud." Surrogate WINGATE, in *Matter of Wolke* (*supra*), charged costs against an unsuccessful party in a litigation involving numerous trivial

objections, as a penalty " for his improper and gratuitously obstructive acts." Litigants who cause needless expense to other persons in an estate cannot complain where means are found to charge the actual expenses and a reasonable bill of costs out of their shares, under section 276 of the Surrogate's Court Act. A very interesting review of cases dealing with the award of costs against unsuccessful litigants was made by Surrogate FEELY in *Matter of Roberts* (147 Misc. 63), although the surrogate in that case denied costs against the contestants personally because they proceeded in good faith and with fair prospect of success. A bill may accordingly be filed, on notice, at the time of the submission of the decree, providing for costs at the rates fixed in the section, of seventy dollars for contest, twenty-five dollars for each day, less one, necessarily occupied in the trial of the proceedings, and twenty-five dollars for each day necessarily occupied in preparing for such trial. It may also include the disbursements for referee's fees, stenographer's fees and other expenses incurred in the contest. The amount of the costs charged out of the distributive share of the objectant should be added to the distributive shares of the other beneficiaries.

Submit decree on notice confirming the referee's reports and settling the accounts accordingly.