In the Matter of the Judicial Settlement of the Accounts of ETHEL MAY SEILER, as Administratrix, etc., of GEORGE J. SEILER, Deceased.

NAOMI EDITH HARKNESS, Appellant; ETHEL MAY SEILER, as Administratrix, etc., of GEORGE J. SEILER, Deceased, Respondent.

Fourth Department, December 27, 1939.

*Harold J. Tillou [Andrew B. Gilfillan, Jr.,* with him on the brief], for the appellant.

*Amil J. Pasquarelle [Anthony J. Muriella* with him on the brief], for the respondent.

SEARS, P. J. The appellant seeks to surcharge the accounts of the administratrix with the amount of the proceeds of a policy of industrial life insurance written on the life of the deceased. The respondent administratrix contends that the proceeds of the policy belong to her individually and constitute no part of the estate of her husband. The evidence taken on the hearing has been reduced by consent of the parties to a short statement of " stipulated facts."

The policy contained the following clause: " Facility of payment— Except as payment of death benefits shall be made to a Beneficiary designated by proper endorsement hereon the Company may make any payment or allow any benefit provided in this Policy to any of the Insured's relatives by blood or connections by marriage, or to any person appearing to the Company to be equitably entitled thereto by reason of having incurred expense for the maintenance, medical attention or burial of the Insured."

The transaction in which the deceased, his wife, and the agent took part at the time that the issuance of the policy was arranged for is. set forth in the stipulated facts as follows: " The Administrator, Ethel M. Seiler, over the objection of Edith N. Harkness, upon the ground that the proof was incompetent, irrelevant and immaterial and sought to vary the terms of a written contract, proved that the agent of the insurance company called at the home of the parties at the request of the widow; that the agent was told that both Mr. and Mrs. Seiler wanted insurance on the life of the other; that neither party, nor the agent, knew much about the form of the policy; that the agent told them that the form of the policy was such that upon the death of either the face value of the policy would be paid to the other, but that the agent did not state whether or not the recipient of such payment would take the proceeds for his or her own individual benefit or for the benefit of the estate."

The collection of the proceeds of the policy was made by the administratrix. Any right which the administratrix has individually must be worked out under the terms of the policy. No contract between the husband and wife in relation to the disposition of the proceeds would be valid under the terms of the Statute of Frauds as it would depend on a promise to be fulfilled after the death of the promisor. (Pers. Prop. Law, § 31, subd. 1.) As we understand the stipulation, the respondent administratrix bases her claim solely under the policy and the statement of the agent which she claims constitute a " present election." (*Shea* v. *U. S. Industrial Ins. Co.*, 23 App. Div. 53.) We considered the authority of the *Shea* case in *Kasper* v. *Metropolitan Life Ins. Co.* (244 App. Div. 508). We noted there that the *Shea* case was saturated with fraud from beginning to end; that payment in that case was not made to the administrator; that the agent misinterpreted the terms of the policy to one who could not read. No analogous facts are present here. We are concluded by our decision in the *Kasper* case and must determine that there was no " present election."

It follows that the accounts of the administratrix must be surcharged by the amount of the proceeds of the policy.

That part of the decree contained in the two final ordering paragraphs should be reversed on the law, with costs to the appellant payable out of the estate, and matter remitted to the Surrogate's Court to modify the decree in accordance with this opinion.

All concur. Present — SEARS, P. J., CROSBY, CUNNINGHAM, TAYLOR and DOWLING, JJ.

The part of the decree contained in the two final ordering paragraphs reversed on the law, with costs to the appellant payable out of the estate, and matter remitted to the Surrogate's Court for further proceedings in accordance with the opinion, and otherwise decree affirmed.