## (October 28, 1940.)

In the Matter of the Amended Petition of WILLIAM J. SCHROEDER for the Probate of the Last Will and Testament of ELVIRA BEHNCKE, Deceased. H. RICHARD PANZER and CROSSWOOD W. PANZER, Appellants; WILLIAM J. SCHROEDER, Respondent.— Motion to vacate and set aside the decision of this court dated June 10, 1940, or for leave to reargue the appeal, or to amend the order of this court entered June 10, 1940, or for leave to appeal to the Court of Appeals, denied, with ten dollars costs. [See 259 App. Div. 1023.] Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ.

HANNAH APPLEBOME, Respondent, v. NETTIE FELDSTEIN and MORRIS FELDSTEIN, Appellants, and Others, Defendants.— Judgment adjudging that the moneys on deposit in three certain savings banks in the name of appellant Nettie Feldstein are the sole and exclusive property of the plaintiff, Hannah Applebome, and further adjudging that the plaintiff have a money judgment against appellants Nettie Feldstein and Morris Feldstein, and defendant Eli Applebome, for the difference between the amount withdrawn from said funds and the amount redeposited, with interest, and dismissing the counterclaim of appellant Morris Feldstein, unanimously affirmed, with one bill of costs. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ.

GEORGE HARVEY ELLIS, Respondent, v. THE NATIONAL CITY BANK OF NEW YORK, Appellant.— Order denying defendant's motion to dismiss the complaint upon the ground that it fails to state a cause of action, reversed on the law, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, without prejudice to any suit or proceeding brought for a judicial accounting if the plaintiff be so advised. The action is brought by the remainderman of an express trust, against the trustee, to recover the original amount of the trust fund upon the theory of money had and received. Such an action will not lie against a trustee of an express trust prior to an accounting which establishes the amount of the fund and the person to whom it is to be paid. (*Husted* v. *Thomson*, 158 N. Y. 328, *Deering* v. *Pierce*, 149 App. Div. 10; *Anderson* v. *Fry*, 116 id. 740; *Roberts* v. *Ely*, 113 N. Y. 128, 132.) Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur.

SAMUEL FIRESTONE, as Trustee in an Action Pending in the Supreme Court, Kings County, Entitled VAN SICLEN and Others against CRAGLYN, LTD., and Others, Appellant, v. MILTON EISENBERG, as Former Trustee in the Above Entitled Action of VAN SICLEN and Others against CRAGLYN, LTD., and Others, Respondent.— In an action to recover the value of certain merchandise which was stolen while in defendant's possession as trustee, judgment dismissing the complaint on the merits unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ.