Marie K. Neary, Appellant, *v.* City Bank Farmers Trust Company, Respondent.

Second Department, December 23, 1940.

*James F. Donnelly* [*Walter J. McNichols* and *Samuel Michelman* with him on the brief], for the appellant.

*Edward M. Cameron, Jr.* [*Isaac J. Quesenberry* with him on the brief], for the respondent.

Adel, J. The question involved is whether the complaint states a cause of action in replevin. In 1931 the plaintiff entered into a written agreement with the defendant trust company, under which she delivered certain securities and other property to it. The instrument is designated as a trust indenture, and in it the plaintiff is named as grantor and the defendant as trustee. An express trust of personal property was thereby created, a so-called living trust. Under the agreement the trustee was directed to pay the income from the property to the plaintiff during her lifetime, and upon her death to pay over the principal and accumulated income to such persons as the plaintiff should designate by her last will and testament or other testamentary instrument. The agreement grants broad powers to the trustee to deal with the fund in the trustee's discretion, and contains a provision stating that the trust is irrevocable and unalterable.

In January, 1940, the plaintiff served a written notice on the defendant purporting to revoke the trust, and demanding of the defendant " that you forthwith turn over and deliver to me any and all cash funds, moneys, securities and property deposited with you under the said agreement, deed or indenture and now held thereunder by you, together with all accumulations of interest and income thereof."

For the purpose of this appeal all the facts, and specifications which are to be deemed as facts, are to be found in the complaint and the documents annexed thereto. The complaint, among other things, alleges that at the date of the service of the notice of revocation the plaintiff had not executed any instrument of a testamentary character designating persons to receive the principal of the trust; that the plaintiff, therefore, is the owner of the trust corpus and is entitled to its immediate possession; that notwithstanding her demand, the defendant has refused to surrender the same and continues wrongfully to detain it. Finally, it is alleged that the plaintiff is entitled to damages occasioned by such unlawful withholding by reason of declines in the values of the securities in the fund to the date of the judgment herein.

The notice of revocation of the trust and demand for return of the trust property was served on the defendant on January 25, 1940. The complaint was served on March 1, 1940. On defendant's motion the complaint has been dismissed on the ground that it appears on the face thereof that it does not state facts sufficient to constitute a cause of action; and judgment dismissing the complaint has been entered on the order. Plaintiff appeals.

In my opinion there are numerous reasons, both substantive and procedural, why the dismissal was proper. In the first place, the complaint is not against the defendant in its capacity as trustee, but in its individual capacity. The basis of appellant's argument to sustain the complaint against the defendant in its individual capacity is that immediately upon receipt by the defendant of the notice of revocation, the trust terminated, and she, therefore, acquired an immediate right to possession of the trust ·corpus; that the trustee at that moment vanished and the defendant, as an individual, wrongfully detains her property. The argument is prompted by a too narrow construction of section 23 of the Personal Property Law. That section reads:

" § 23. Revocation of trusts upon consent of all persons interested. Upon the written consent of all the persons beneficially interested in a trust in personal property or any part thereof heretofore or hereafter created, the creator of such trust may revoke the same as to the whole or such part thereof, and thereupon the estate of the trustee shall cease in the whole or such part thereof."

Appellant emphasizes the phrase in the statute, " thereupon the estate of the trustee shall cease."

Because of this language it is contended that any detention of the property after receipt of the notice of revocation is wrongful. Obviously, plaintiff proceeds as if the statute read, " The creator is entitled to a return of the trust property immediately upon giving notice of revocation to the trustee."

Another argument advanced to sustain the complaint is that while it is true that plaintiff can obtain a full measure of relief in an accounting action against the defendant as trustee, it should not be held that such action is the exclusive remedy. We may take note of the fears expressed in plaintiff's brief that the reason for bringing the replevin action is that damages for unlawful detention might be denied in an accounting action.

A mere cursory reference to the authorities makes plain that the classical practice of resorting to an accounting upon the termination of a trust is not a capricious custom, but is based upon many and substantial reasons. I mention a few. Upon the termination of a trust, the trustee, by obvious necessity, is entitled to a reasonable period for winding up the trust affairs. (Scott on Trusts, § 345.1.) The Consolidated Laws in this State do not set forth the full duties and responsibilities of trustees, but the analogy of the Partnership Law, which provides expressly for a period of winding up, is helpful. (Partnership Law, art. 6.)

When the time for the termination of an express trust has arrived, it does not follow that the trustee is immediately divested of all duties and responsibilities, for until the trust is closed out it has the duties and powers appropriate for a complete winding up. There is no automatic cessation of the trustee's duties and responsibilities upon receipt of notice of revocation; nor is the time for distribution the controlling date. The trust is at an end when the trustee has finally accounted, conveyed the property to the persons entitled to it, and been discharged. (*Matter of Thomas*, 254 N. Y. 292; *Matter of Miller*, 231 App. Div. 587; 257 N. Y. 349.)

The trustee, before it makes final distribution of the trust property, is entitled to have the court pass upon its accounts and, for its protection, make a decree of distribution. Under the facts stated in the complaint herein, the trustee would be unwise, if not foolhardy, to pay over the corpus of the trust to plaintiff without an authoritative determination that the trust had been legally revoked, particularly as the courts often find the question of revocability a difficult one. (*McEvoy* v. *Central Hanover Bank & Trust Co.*, 274 N. Y. 27; *Berlenbach* v. *Chemical Bank & Trust Co.*, 260 id. 539;

*City Bank Farmers Trust Co.* v. *Miller*, 278 id. 134; *Abraham* v. *Abraham*, 245 App. Div. 302.) The trustee has a lien on the trust property for commissions and expenses. (*Corn Exch. Bank Trust Co.* v. *Bankers Trust Co.*, 268 N. Y. 224, 227; *Jessup* v. *Smith*, 223 id. 203, 207; *McEwen* v. *McEwen*, 276 id. 548.)

Plaintiff's fears that a replevin action is necessary because she may be deprived of damages if the securities in the fund have declined in value are not well founded. If the trustee unduly delays in winding up the trust, it is liable for depreciation in value of the trust property. (*McBride* v. *McBride*, 262 Ky. 452; 90 S. W. [2d] 736; *Matter of Jacobs*, 152 Misc. 139, 143.)

I do not mean to hold that under no facts or circumstances can an action at law, or more specifically a replevin action, be maintained by the settlor of a terminated trust against the trustee. Such actions are entertained when the property is in clear-cut deliverable form, where the amount has been liquidated, where a balance has been struck and agreed upon, and all that remains is to pay over; although even in such instances the remedy has often been held to be in conversion rather than in replevin. (*Van Camp* v. *Searle*, 147 N. Y. 150, 161; *Jackson* v. *Moore*, 94 App. Div. 504, 508; *Britton* v. *Ferrin*, 171 N. Y. 235. See, also, *Ellis* v. *National City Bank of New York*, 260 App. Div. 885.)

It is plain on the face of the complaint herein that the trustee has not had a reasonable time to wind up the affairs of the trust and to account, to both of which it is entitled as a matter of right. An action of replevin against the trustee in its individual capacity will not do as a substitute for an accounting by the fiduciary when it appears patently that no valid reason exists therefor, and particularly when it is apparent that plaintiff has no immediate right to possession.

The order and judgment should be affirmed, with ten dollars costs and disbursements.

Present — LAZANSKY, P. J., JOHNSTON, ADEL, TAYLOR and CLOSE, JJ.

Order and judgment entered thereon unanimously affirmed, with ten dollars costs and disbursements.