In the Matter of the Estate of Isaac P. Keeler, Deceased.

Surrogate's Court, New York County, January 9, 1945.

*Philip H. Weeks* for Bankers Trust Company and another executors, petitioners.

*Satterlee & Warfield* for Ellen E. W. MacDonald, executrix, petitioner.

*David Bernstein* and *Frederick E. Klein* for Wanda S. Keeler, respondent.

*Murray H. Klinger,* special guardian for Richard Keeler, infant.

FOLEY, S. This is an accounting proceeding brought on by the executors. By appropriate orders of this court and of the Supreme Court, New York County, an action was transferred for trial and determination to the Surrogate's Court and consolidated with the pending accounting proceeding. It was initiated by Wanda S. Keeler, the widow of the testator, against the estate for alleged breach of contract on the part of the testator in failing to make her the ultimate beneficiary of a policy of life insurance in the sum of $50,000. Recovery was demanded for that amount.

On appeal the Appellate Division affirmed the transfer. (*Matter of Keeler,* 268 App. Div. 964.)

The action was tried with a jury pursuant to the original demand of the plaintiff.

At the close of the plaintiff's case counsel for the parties who were joined in opposition to the plaintiff's claim moved to dismiss the complaint. These parties were the executors, the niece

of the testator, who is also an executrix, and the special guardian of an infant beneficiary and remainderman. The motion to dismiss was granted by the Surrogate and the claim of the widow, Wanda S. Keeler, was disallowed upon the merits.

It was significant of the weakness of the plaintiff's case that she shifted her position several times by amendment of the pleadings before and during the trial. The original complaint was followed by an amended complaint. A further amendment constituting a fundamental change was made at the inception of the trial and at the close of the plaintiff's case the amended complaint was again changed on motion. Three varying forms of the bill of particulars were served and filed.

The answer of the executors alleges a general denial of the making of the contract and affirmative defenses that any such agreement if made was void under the Statute of Frauds.

In the form of the amended complaint, as it existed at the beginning of the trial, the plaintiff claimed that she and her husband, the testator, entered into an agreement on November 20, 1937, " in contemplation of their marriage, and in consideration of the mutual promises of marriage each to the other made, wherein and whereby it was provided that he would designate plaintiff as the irrevocable beneficiary of his life insurance policy in the sum of $50,000.'' That policy of insurance was one of several which the testator had taken out on his life several years before the parties met. Shortly after the announcement of their engagement, and on December 8, 1937, the testator designated his prospective wife as the beneficiary of the policy. The designation signed by him and registered with the insurance company recited the maiden name of the plaintiff and described her as " fiancee ''. The parties were married thereafter on February 5, 1938. In the following month he formally changed the name of the beneficiary from his wife to his estate, and in March, 1941, he again made a change of beneficiary from his estate to his sister, Myra K. Tilton. She was ultimately paid the proceeds of the insurance policy after his death, which occurred on September 26, 1942.

It was conceded by counsel for the plaintiff upon the trial that the agreement was oral and that no written contract relating to the insurance policy in dispute was made between the parties either before or after marriage. The plaintiff's evidence consisted only of alleged declarations made by the testator to the general effect that the plaintiff was hesitant to marry and did not want to give up her business employment at the

time of the marriage and that as an inducement the testator had furnished her some assurance of security by making her the beneficiary of the policy. Reliance was further placed by plaintiff upon her designation as a beneficiary and a letter written by him to her shortly before his death which contained a statement as to such designation. The effect of these written declarations will be considered later in this decision.

This evidence failed to establish that the testator ever agreed to designate her irrevocably as the ultimate recipient of the proceeds of the insurance policy. Even if the Statute of Frauds did not apply to the situation here, the complaint would have been dismissed because of the complete failure of the evidence submitted by the plaintiff to sustain her claim.

But regardless of that conclusion, two independent provisions of the Statute of Frauds constitute effective bars to any recovery by the plaintiff.

(1) The alleged agreement or promise here was void because it was not in writing and because its performance was " not to be completed before the end of a lifetime ". (Personal Property Law, § 31, subd. 1.)

(2) It is likewise void because it was not in writing and because it is alleged to have been made " in consideration of marriage ". (Personal Property Law, § 31, subd. 3.) These provisions of the Statute are clear and the authorities which have interpreted them are definite and explicit.

In *Bayreuther* v. *Reinisch* (264 App. Div. 138, affd. 290 N. Y. 553) Mr. Justice Dore wrote for the unanimous court in a case where a promise was alleged to have been made by an employee of the City of New York to a nurse who claimed that he had agreed to make her the irrevocable beneficiary of his pension fund death benefits in consideration of services to be rendered by her. Justice Dore pointed out that the alleged oral contract was unenforcible because by its terms it was not to be completed before the end of the lifetime of the promisor. He stated (p. 141) that the amendment made in 1933 (L. 1933, ch. 616) to subdivision 1 above quoted was " enacted to prevent the assertion of oral claims against funds of deceased persons after their death when the person alleged to have made the oral agreement is no longer able to make denial."

With the exception that the alleged promisee here was the wife, the facts in the *Bayreuther* case (*supra*) and in the pending proceeding are in substance identical. Other cases which have decreed the invalidity of alleged agreements which were claimed to have become effective at or after the death of the

promisor may be found in *Matter of Ditson* (177 Misc. 648), *Matter of Quigley* (179 Misc. 210) and *Matter of Seiler* (258 App. Div. 303).

The alleged agreement here was also void because it was not in writing under subdivision 3 of section 31, and because it is claimed to have been made " in consideration of marriage ". (*Hunt* v. *Hunt*, 171 N. Y. 396; *Matter of Goldberg*, 275 N. Y. 186.)

The claim of the plaintiff that performance in the form of the subsequent marriage, or the giving up of the business employment by the wife as a condition of the marriage, or any other form of act by either of the parties would permit the enforcement of the alleged oral agreement is without any foundation. (*Burns* v. *McCormick*, 233 N. Y. 230; *Bayreuther* v. *Reinisch*, *supra*; *Tyler* v. *Windels*, 186 App. Div. 698, affd. 227 N. Y. 589; *Wahl* v. *Barnum*, 116 N. Y. 87.)

Nothing short of full performance by both parties will take the contract out of the operation of the statute. Partial performance, if recognized, would be a nullification of the statute. (*Wahl* v. *Barnum*, *supra*.) The doctrine of part performance is a creation of equity. The action here is at law but even if it had been brought in an equitable form, the claim of partial performance would have been futile under the decisions just cited.

The plaintiff further contends that two writings signed by the decedent constituted notes or memoranda which evidenced the alleged contract. That contention is likewise overruled. In order for a writing to be sufficient to overcome the prohibition of invalidity in the statute it must contain all of the essential terms of the completed contract. (*Poel* v. *Brunswick-Balke-Collender Co.*, 216 N. Y. 310.) The first instrument relied upon by the plaintiff was the designation of her as beneficiary of the policy made in 1937 by the testator before the marriage. Its very terms show that far from being an irrevocable designation of a beneficiary, the instrument contained an express clause reserving the right of the testator to make a subsequent designation of a different beneficiary. The second instrument relied upon is a letter written shortly before the death of the testator. It amounts to nothing more than a declaration as to a conceded fact that he had made the designation of his wife as beneficiary before the marriage. There is not the slightest indication in the letter that such designation was agreed to be irrevocable until death.

Finally the further claim that a fraud was perpetrated upon the plaintiff by her husband and that the Statute of Frauds

should not be used as a bar against her is frivolous. (*Burns* v. *McCormick*, 233 N. Y. 230, *supra*.) No confidential relationship was abused.

The appearance of the plaintiff upon the witness stand was that of a shrewd, keen woman. The marriage took place about four and one-half years before the death of the testator. He had been previously married and had children by his first wife. The second wife, the plaintiff here, was in mature years and had been engaged in an active business career for a long period of time. The testator was of advanced age. He had been successful and accumulated a sizeable fortune. It is significant of his generosity to her that after he revoked his wife's designation as a beneficiary of the insurance policy of $50,000 he executed his will and gave her an outright legacy of $50,000 and the income of a fund of one third of his residuary estate. The principal of the trust fund created for her benefit amounts to about $140,-000. The plaintiff left the preservation of her agreement, if one was ever made " to the fallible memory of witnesses. The law exacts a writing.'' (Cardozo, J., in *Burns* v. *McCormick*, *supra*, p. 235.)

The supplemental decree to be entered herein may contain an appropriate provision for the dismissal of the claim and the disallowance of this particular claim upon the merits.

(A portion of the original decision of the Surrogate determining other claims asserted by the widow of the testator is omitted because it is not of general interest.)

In the exercise of the discretion of the Surrogate costs are charged personally against the widow and directed to be paid by the executors out of her pecuniary share of the estate. Thus in some degree a part of the expenses to which she has subjected the other beneficiaries of the estate may be recouped. (Surrogate's Ct. Act, § 276; *Matter of Garvin*, 256 N. Y. 518; *Matter of Hidden*, 243 N. Y. 499; *Matter of O'Dowd*, 163 Misc. 605; *Stevens* v. *Central Nat. Bank*, 168 N. Y. 560; *Matter of Rogers*, 127 Misc. 428, affd. 220 App. Div. 834.)

Tax costs and submit supplemental decree on notice in accordance with this decision.