LAURENCE A. STEINHARDT et al., as Trustees under an Agreement with JOHN A. HINCKLEY, JR., Deceased, Plaintiffs, *v.* LAURENCE A STEINHARDT et al., as Executors of JOHN A. HINCKLEY, JR., Deceased, et al., Defendants.

Supreme Court, Special Term, New York County, December 24, 1947.

*Barry, Wainwright, Thacher & Symmers* for plaintiffs.

*Guggenheimer & Untermyer* for executors, defendants.

*Gale, Bernays, Falk & Eisner* for Mary Bergamini, defendant.

*Richard W. Wilson* for Helen R. Cutting, defendant.

*Abraham J. Halprin,* as guardian ad litem of John Hinckley, an infant, defendant.

EDER, J. The plaintiff trustees seek instructions with respect to the allocation of estate and inheritance taxes that have been imposed with respect to the agreement of trust and determining the rights of all the parties and for other relief; the defendant executors seek a judgment against plaintiffs, as trustees of the infant's share, in the sum of $95,630.08, with interest, payable out of the infant's share of the 1927 trust, and for such other relief as may be proper.

The plaintiffs, the guardian ad litem of the infant and the defendant. Bergamini, oppose, maintaining that the cross claim of the executors should be dismissed and that this court should direct that the infant's share of the 1927 trust is not liable to the executors for any estate taxes paid by them.

Emphasis is placed upon the compromise agreement dated July 23, 1940, and the orders approving same, one of this court made on October 30, 1940, and the other made by the Circuit Court of Fauquier County, Virginia, on March 3, 1941, which, it is asserted, bars the claim of the executors now attempted to be interposed for apportionment of estate taxes to the infant's share.

It seems to me that this is a substantial and meritorious ground of opposition, though other contentions are also presented.

The compromise agreement is a very carefully drawn instrument; all the persons interested and concerned in the decedent's estate, including the trustees, the Virginia and New York executors, the mother and the wife entered into this agreement settling the controversies existing between them and they plainly declared their intention to settle not only such controversies as existed between them in 1940 but also all questions and controversies which might arise concerning the subject matters dealt with in the compromise agreement. The parties were represented by able legal counsel who participated in the preparation, execution and validation of the agreement, and all of whom were aware of the fact that the agreement apportioned no part of the estate taxes on the infant's share.

Paragraph 5 of the agreement deals with the subject of estate taxes and after providing in substance that the mother is to bear her proportionate share of Federal estate taxes it further provides that all other taxes are to be borne by the decedent's executors. This is also clear from paragraph 9 of the order of the Virginia Circuit Court approving the compromise.

It is further made clear from the report of the special guardian in the proceeding under section 19 of the Decedent Estate Law to approve the compromise agreement that the executors were to pay all Federal estate taxes and that none should be payable in respect of the infant's interest in the 1927 trust. Therein it is stated (report, Sept. 17, 1940, p. 24): ''For example, the compromise agreement disposes of a controversy concerning the apportionment of death taxes. No such taxes should be payable in respect of the Infant's interest in the 1927 trust and the compromise agreement imposes no part of the taxes on this interest. The compromise agreement prescribes the equitable apportionment of the taxes as among the Decedent's estate, the proceeds of life insurance received by the Mother, and the appointed share of the 1927 trust, in which the Infant has the contingent remainder interest hereinbefore stated (compromise agreement, paragraphs 4 and 5).''

All parties were aware of this and that the court was asked to approve the compromise agreement with knowledge of the parties of this report and the court acted thereon.

To allow the cross claim of the executors to prevail is to set aside this agreement or to make a very basic departure therefrom — a compact solemnly made and entered into by all the interested parties — without any basis in fact or in law.

Firstly, it is my view that as the compromise agreement has coalesced into an order of the court there is no power to set it aside, assuming, *arguendo*, any basis for a valid claim for such relief existed, then in that event in my opinion the proper procedure would be to seek to set aside the order or to modify it in that respect; and even if this were not a necessary and essential step, there exists no basis for any sustainable attack on the agreement.

There is no mistake of fact for the agreement expresses the true intent and understanding of the parties; neither reformation thereof is sought by the executors nor is there any claim by them of a rescission. Indeed, in the executors' reply brief it is stated that '' no occasion is presented for rescission or

reformation, and the executors do not desire any such relief."
What is set forth, seemingly, as the basis of the cross claim is
that in the circumstances and situation shown as it later devel-
oped, that the court ought to decree that the infant's share
should be charged with the afore-stated sum and that it should
bear the same as an equitable proportion of the estate taxes.

I am not in accord with this view. The parties came to a full
understanding in the agreement of compromise and must abide
by it; the court is not to make a new agreement for them; as
mentioned, no claim is made for reformation nor any of rescis-
sion. As I have said, there is no mistake of fact; and, assuming
there was a mistake of law and reformation of the compromise
agreement were sought, it could not be asserted with any
effect because it occurred in 1940 and it was not until 1942
that relief could be given in this State against a mistake of law
(Civ. Prac. Act, § 112-f).

There is a further element to be considered. At the time
of the execution of the compromise agreement and its approval
by this court and by the Circuit Court of Virginia the infant's
share of the 1927 trust was not liable to the decedent's execu-
tors for any proportion of the taxes paid by the executors. At
that time, all the Federal estate taxes were administration
expenses to be borne by the decedent's estate. The decedent
at the date of his death in 1940 was domiciled in Virginia and
that State then had no provision similar to section 124 of the
Decedent Estate Law, with respect to allocation of taxes, and
hence the 1927 trust was not liable for its proportionate share
of the estate taxes even if that trust were deemed part of
decedent's net taxable estate for tax purposes. The Virginia
Code requiring apportionment (§ 5440-b) was not enacted until
1946 (L. 1946, ch. 128).

It is adjudged that the infant's share of the 1927 trust is not
liable to the executors for any estate taxes paid by them and
the cross claim of the defendant executors against the plaintiff
trustees for reimbursement for the mentioned taxes is dismissed.

The matter of allowances will be determined upon presenta-
tion of affidavits in respect of the services rendered. [See 192
Misc. 819.]

Settle order.