LAURENCE A. STEINHARDT et al., as Trustees under an Agreement with JOHN A. HINCKLEY, JR., Deceased, Plaintiffs, *v.* LAURENCE A. STEINHARDT et al., as Executors of JOHN A. HINCKLEY, JR., Deceased, et al., Defendants.

Supreme Court, Special Term, New York County, May 18, 1948.

*Barry, Wainwright, Thacher & Symmers* for plaintiffs.

*Guggenheimer & Untermyer* for executors, defendants.

*Gale, Bernays, Falk & Eisner* for Mary Bergamini, defendant.

*Richard W. Wilson* for Helen R. Cutting, defendant.

*Abraham J. Halprin,* as guardian ad litem of John Hinckley, an infant, defendant.

EDER, J. Application for allowances. The trust fund is the subject of this suit and the complaint sought the judicial settlement of the plaintiffs' account as trustees under the 1927 trust, the construction and interpretation of said trust and the several related agreements in connection therewith, for instructions of this court with respect to the proper allocation of estate taxes, for commissions and counsel fees or allowances and for such other and further relief as to the court may seem just.

By the judgment of this court dated June 30, 1942, the action was severed and proceeded to a judgment settling the accounts of the trustees with the reservation that any party might bring on the issue of construction by appropriate notice to the other

parties. This was later done and this court held that the infant's share of the 1927 trust was not liable to the executors for any estate taxes paid by them and the cross claim of the executors against the plaintiffs-trustees for reimbursement for the taxes was dismissed. (*Steinhardt* v. *Steinhardt,* 192 Misc. 815.)

The question whether such taxes were properly chargeable to defendants-executors, by whom they had been paid, or if the executors had the right to recover over the amount of said taxes against the infant's share of the trust estate herein was a problem which concerned both the trustees and executors and the presentation of that issue for determination by this court was one which was not occasioned or necessitated by any arbitrary, capricious or unreasonable attitude or assertion on the part of the executors. Their position was taken in good faith.

As to the compromise agreement of July 23, 1940, nothing is therein perceived which, in the opinion of this court, affords the applicants the right to assess the executors for the allowances.

Regarding the source from which the payments should be made, research has not revealed any case authorizing the court to assess defendants-executors out of the decedent's estate and doubt is entertained as to the power of this court to direct the executors to pay the allowances by any order or judgment in this suit. It is sought therein to charge the executors for allowances in a matter involving the accounting for an entirely different fund with respect to a question with which said fund alone is concerned. The fund (1927 trust) for which plaintiffs applied to account herein is no part of the estate that is being administered by the executors. No case has been cited authorizing assessment against the executors or directing payment out of the corpus of the estate.

The general rule in such a situation as this appears to be that attorneys' fees and compensation are payable out of the trust property (*Downing* v. *Marshall,* 37 N. Y. 380, 388; *Matter of Maxwell,* 218 N. Y. 88, 90; *Corn Exch. Bank Trust Co.* v. *Bankers Trust Co.,* 268 N. Y. 224, 227; *Matter of O'Dowd,* 163 Misc. 605; Civ. Prac. Act, § 207).

In the judgment of June 30, 1942, this court awarded allowances out of the fund and the court is of the opinion that its power is limited to an award out of the fund which is the subject of the litigation.

Allowances will be fixed in the order to be entered hereon. Settle order accordingly.