LILLIAN BERNSTEIN, Plaintiff, *v.* PRUDENTIAL INSURANCE COMPANY OF AMERICA et al., Defendants.

Supreme Court, Special Term, New York County, October 7, 1953.

*Murtagh & Cohen* for Ann T. Segal, defendant.

*Louis A. Kass* and *Nathan Permut* for plaintiff.

HOFSTADTER, J. This is a motion to dismiss the complaint, which contains two causes of action. The gist of the first cause of action is that the plaintiff and her deceased husband entered into an antenuptial agreement, by which the deceased, in consideration of the plaintiff's promise to marry him, agreed to procure a life insurance policy upon his life, of which the plaintiff should be and remain the sole beneficiary, to keep the same in effect during his lifetime, and to deliver the policy to the plaintiff as her sole property. The plaintiff married the deceased in reliance on this promise and after the marriage the deceased to carry out his promise and agreement procured

a policy from the defendant insurance company in which the plaintiff was named as beneficiary. For the purpose of further carrying out the agreement the deceased delivered the policy to the plaintiff, represented it was for her sole benefit and in compliance with the antenuptial agreement, and that the beneficiary was not to be changed and that the plaintiff was to remain the beneficiary and be entitled to the proceeds of the policy on the insured's death. The plaintiff retained the policy in her sole possession for some years, but thereafter delivered it to the insured for the limited purpose of depositing it in a safe-deposit box for safe-keeping for her sole benefit. Prior to the insured's death the beneficiary was changed to the individual defendant in violation of the prenuptial agreement and of the plaintiff's '' vested rights of ownership.'' It is also stated that the plaintiff on many occasions paid premiums on the policy out of her own funds. The relief demanded is the nullification of the change of beneficiary, the restoration of the plaintiff as beneficiary and the payment of the proceeds of the policy to her. Pursuant to a demand for admissions the plaintiff has admitted that the antenuptial agreement was not in writing.

The individual defendant has moved to dismiss the first cause of action on the ground that the agreement, not being in writing, is unenforcible, because not to be completed before the end of a lifetime and made in consideration of marriage (Personal Property Law, § 31). In her brief the individual defendant has confined her attack to the latter ground, that the agreement was made in consideration of marriage.

The agreement as pleaded is one made in consideration of marriage. It is not open to question that if the first cause of action is brought solely upon this agreement, the absence of a writing is a bar to relief. Nor does marriage constitute such performance as to remove the bar (*Matter of Goldberg,* 275 N. Y. 186, 193; *Hunt* v. *Hunt,* 171 N. Y. 396; *Matter of Keeler,* 186 Misc. 20).

On the other hand, if the insured delivered the policy to the plaintiff with the intention of vesting complete ownership in her, there was a valid assignment. An effective gift of an insurance policy may be made by delivery, without writing (*John Hancock Mut. Life Ins. Co.* v. *Sandrisser,* 95 N. Y. S. 2d 399; *McGlynn* v. *Curry,* 82 App. Div. 431; *Tepper* v. *New York Life Ins. Co.,* 89 Misc. 224). Though the allegations of the first cause of action are not as direct and unequivocal as they might be, giving the pleading the liberal interpretation it should receive on this motion, I think enough is stated to spell out an assignment

of the policy. The agreement pleaded bound the deceased to deliver the policy to the plaintiff " as and for her own sole property ". According to the complaint, the deceased, when he delivered the policy, represented that it was in compliance with the agreement and " for her sole benefit." Of course, it would have been better to set out the claimed legal effect of the transaction as an assignment or a gift. However, the delivery in compliance with the prior agreement to make the plaintiff the owner of the policy, imports the transfer of ownership to her. If ownership vested in the plaintiff, her rights could not be defeated by a change of beneficiary effected without her consent (*John Hancock Mut. Life Ins. Co.* v. *Sandrisser,* 95 N. Y. S. 2d 399, *supra; Jacobs* v. *Stumwasser,* 84 Misc. 28, 31). The motion to dismiss the first cause of action is accordingly denied.

The individual defendant also challenges the second cause of action for insufficiency. In this cause of action the plaintiff charges that the change of beneficiary was brought about by fraud and undue influence practiced on the deceased by the individual defendant. It is contended that the representations were expressions of opinion or promissory and that the allegation of undue influence is conclusory. It is unnecessary to set out the allegations. Much of the second cause of action is undoubtedly subject to the criticism leveled at it. Nevertheless, study persuades me that it does set out at least some statements of fact which, if established, will sustain the charge of fraud. The motion to dismiss the second cause of action is likewise denied.

The individual defendant may answer within ten days after service of a copy of this order with notice of entry.